2 So.2d 470

**WATSON v. STATE.**

**4 Div. 663.**

Court of Appeals of Alabama.

May 20, 1941.

Mulkey & Mulkey and E. C. Boswell, all of Geneva, for appellant.

Thos. S. Lawson, Atty. Gen., and Jas. F. Matthews, Asst. Atty. Gen., for the State.

SIMPSON, Judge.

Appeal from an order denying the petition of W. A. Watson for a writ of habeas corpus. According to the return of the sheriff, the petitioner was held under authority of a duly executed warrant of arrest, issued by the Governor of Alabama, purportedly pursuant to the Uniform Criminal Extradition Act of Alabama—Michie Code of Alabama, 1936 Supplement, Chapter 145A, Section 4183(1) et seq. (Gen. Acts of Ala.1931, p. 559).

The case for the State was rested upon the introduction in evidence of the return of the sheriff which exhibited therewith the Governor's warrant. Petitioner offered no substantial evidence but insists that the writ should have been granted because the State failed to make out a prima facie case for his detention.

The Governor's warrant is as follows:

"In the Name and by the Authority of the State of Alabama

"I, Frank M. Dixon, Governor of the State To any Sheriff, Coroner, Constable or other Officer authorized by law to make Arrests send Greeting:

"Whereas, His Excellency, Fred P. Cone, Governor of the State of Florida, by req-

uisition dated the Eleventh day of December, 1940, has demanded of me, as Governor of the State of Alabama the surrender of W. A. Watson who, it appears, is charged by Transcript of Minutes, in the County of Okaloosa in said State, with the crime of living in an open state of adultery (a duly certified copy of which Transcript of Minutes accompanies said requisition) and it appearing that said W. A. Watson has fled from justice and taken refuge in the State of Alabama

"Now, Therefore, I, Frank M. Dixon, Governor of the State of Alabama, in obedience to the Constitution and Laws of the United States and of the Laws of the State of Alabama, do command you to arrest the said W. A. Watson if he be found within the limits of this State, and to deliver him into the custody of John P. Steele, Sheriff, the duly authorized Agent of the State of Florida

"And of the execution of this warrant you will make due return to me.

"In Testimony Whereof, I have hereunto set my hand and caused the great Seal of the State to be affixed at the Capitol in the City of Montgomery, this Seventh day of January in the year of our Lord, One Thousand Nine Hundred and Forty-One and in the One Hundred and Sixty-Fifth year of American Independence.

"Frank M. Dixon,
"(Great Seal)     Governor of Alabama.
"By the Governor
"John Brandon, Secretary of State."

The "duly certified copy" of the transcript of the minutes, etc., mentioned in the foregoing warrant as accompanying the requisition, was not introduced in evidence at the hearing before the trial judge nor does it appear in the record presented here.

■ From the present record, it appears —as to the criminal charge against accused —that the sole basis upon which the Governor's warrant was issued is that said Watson "is charged by Transcript of Minutes, in the County of Okaloosa in said State, with the crime of living in an open state of adultery (a duly certified copy of which Transcript of Minutes accompanies said requisition)." This is not sufficient. One of the jurisdictional facts necessary for the Governor to find as a predicate for issuance of the warrant is that the accused is "lawfully charged by indictment or by an information filed by a prosecuting officer and supported by affidavit to the facts, or by affidavit made before a magistrate in that state, with having committed a crime under the laws of that state, or that he has been convicted of crime in that state and has escaped from confinement or broken his parole." Uniform Extradition Act, supra, Section 4183(5); Pool v. State, 16 Ala. App. 410, 78 So. 407; Ex parte Paulk, 225 Ala. 420, 143 So. 585, denying certiorari in Paulk v. State, 25 Ala.App. 212, 143 So. 585.

■ The recitals of the Governor's warrant here are obviously deficient, alone and of themselves, to show prima facie the legality of petitioner's detention. For, the assertion therein that the accused is "charged by the Transcript of the Minutes", etc., is wholly insufficient to meet the statutory requirement that he must be shown to be lawfully charged by indictment or by an information, etc., or by affidavit made before a magistrate in the demanding State with having there committed a crime under its laws. Section 4183(5), supra. And unless it is made to appear either in the warrant of the Governor or elsewhere in the proceedings that he is so lawfully charged, the State fails to prove its case and the prisoner is entitled to the writ. Kelley v. State, Ala.App., 200 So. 115.[1] The rule as to prima facie proof is stated in Barriere v. State, 142 Ala. 72, 78, 79, 39 So. 55, and restated by our court in State of Tennessee v. Hamilton, 28 Ala.App. 587, 190 So. 306. Other decisions are to the same effect.

■ It may be, as urged by counsel for the State, that the requisition and accompanying documents (referred to in the warrant here) might, or would, show that petitioner was, in fact, lawfully charged in the State of Florida by indictment or information or affidavit or etc.—thereby satisfying the requirements of our statute, supra—but such facts do not appear to have been presented at the hearing below and are not before us here. We cannot presume them. If true, they should have been shown.

The facts presented by the record under review failing to show that petitioner prima facie is under legal restraint, it results that a reversal of the cause must be ordered.

Reversed and remanded.

---

[1] Ante, p. 21.