226 So.2d 668

Ann G. SMITH

v.

STATE.

4 Div. 717.

Court of Appeals of Alabama.

Sept. 9, 1969.

Smith & Smith, Dothan, for appellant.

MacDonald Gallion, Atty. Gen., and Richard F. Calhoun, Asst. Atty. Gen., for the State.

ALMON, Judge.

This is an appeal from a judgment of the Law and Equity Court of Houston County denying appellant's petition for writ of habeas corpus.

The sheriff's return asserts that appellant was held under authority of a rendition warrant issued by the Governor of Alabama upon request of the Governor of Georgia and a copy of the warrant was attached to the return. The only documentary evidence introduced at the hearing was the Governor's warrant. No supporting papers were introduced. The perti-

nent part of the Governor's rendition warrant is as follows:

"WHEREAS, His Excellency, Lester Maddox, Governor of the State of Georgia, by requisition dated the 22nd day of April, 1969, has demanded of me, as Governor of the State of Alabama, the surrender of Ann Gray Smith who, it appears, is charged by *application* in the county of Dougherty (Georgia) in said State, with the crime of larceny from the house (a duly certified copy of which application accompanies said requisition) and it appearing that said Ann Gray Smith has fled from justice in said State and taken refuge in the State of Alabama." (Emphasis added.)

Tit. 15, § 54, Code of Alabama, 1940, requires that "the warrant must substantially recite the facts necessary to the validity of its issue."

One thing necessary for the issuance of a warrant is that it must be shown that the accused is "lawfully charged by indictment or by an information filed by a prosecuting officer and supported by affidavit to the facts, or by affidavit made before a magistrate in that state." Tit. 15, § 52, Code of Alabama, 1940.

The recital in the Governor's warrant "charged by application" is insufficient to meet the requirement of the statute. See Beasley v. State, 43 Ala.App. 247, 187 So. 2d 806, where a "charge by State Warrant" was inadequate. See also Watson v. State, 30 Ala.App. 184, 2 So.2d 470, where a "charge by transcript of minutes" was inadequate.

Since no allied or supporting papers were introduced the warrant could not be aided by the rule in Harris v. State, 257 Ala. 3, 60 So.2d 266.

There was other evidence introduced at the hearing; none of which, however, would cure this defective warrant.

The appellant was entitled to be discharged.

Reversed and remanded.