239 So.2d 901

**Roger B. LOFTON**

v.

**STATE.**

**1 Div. 93.**

Court of Criminal Appeals of Alabama.

Oct. 6, 1970.

Barry Hess, J. D. Quinlivan, Jr., Mobile, for appellant.

MacDonald Gallion, Atty. Gen., and Jasper B. Roberts, Asst. Atty. Gen., for the State.

ALMON, Judge.

This is an appeal from a judgment of the Circuit Court of Mobile County denying appellant's petition for a writ of habeas corpus.

Appellant was held by the sheriff under a rendition warrant issued by Hon. Albert P. Brewer, Governor of Alabama, at the request of Hon. Robert B. Docking, Governor of Kansas.

The sheriff's return had attached as exhibits the Governor of Alabama's rendition warrant along with allied or supporting documents from the State of Kansas. All of these papers were introduced in evidence at the hearing.

The rendition warrant recites that the appellant "is charged by complaint." This does not comply with the requisites of Tit. 15, §§ 52 and 54, Code, 1940. Smith v. State, 45 Ala.App. 125, 226 So.2d 668.

When the rendition warrant is defective, as in this case, it is permissible to look to the allied documents to determine whether the executive of the asylum state did in fact have before him the necessary jurisdictional documents required for the issuance of the warrant. Harris v. State, 257 Ala. 3, 60 So.2d 266.

We have carefully examined these allied documents and conclude that they will not save this defective warrant because they were not properly authenticated by the executive authority of the demanding state.

Tit. 15, § 50, Code, 1940, is as follows:

"No demand for the extradition of a person charged with crime in another state shall be recognized by the governor unless in writing and accompanied by a copy of an indictment found or by an information supported by affidavit in the state having jurisdiction of the crime, or by a copy of an affidavit made before a magistrate there, together with a copy of any warrant which was issued thereon.

The indictment, information, or affidavit made before the magistrate must substantially charge the person demanded with having committed a crime under the law of that state; and the copy *must be authenticated by the executive authority making the demand,* which shall be prima facie evidence of its truth." (Emphasis added.)

Tit. 15, § 48, Code, 1940, defines executive authority as including the "governor, and any person performing the functions of governor in a state other than this state."

The only document in the instant record signed by the Governor of Kansas is one designating the agents to receive the appellant upon his deliverance from the State of Alabama. Meadows v. State, 38 Ala.App. 319, 82 So.2d 811; Kelley v. State, 30 Ala.App. 21, 200 So. 115; Aldio v. State, 42 Ala.App. 653, 177 So.2d 107; McGahagin v. State, 41 Ala.App. 236, 131 So.2d 425.

For the foregoing reasons, the judgment appealed from is due to be reversed and the cause remanded.

Reversed and remanded.