276 So.2d 149

**Newt MARTIN**

v.

**STATE.**

**I Div. 401.**

Court of Criminal Appeals of Alabama.

April 3, 1973.

David L. Barnett, Thomas E. Bryant, Jr., Mobile, for appellant.

William J. Baxley, Atty. Gen., and Otis J. Goodwyn, Jr., Asst. Atty. Gen., for the State.

HARRIS, Judge.

This is an appeal from the judgment of the Circuit Court of Mobile County denying appellant's petition for a writ of habeas corpus and was submitted on briefs in this Court on March 26, 1973.

Appellant is now being held by Honorable Ray D. Bridges, Sheriff of Mobile County, under a rendition warrant issued by Honorable George C. Wallace, Governor of Alabama, at the request of Honorable John J. McKeithen, Governor of Louisiana.

■ The rendition warrant recites that appellant is charged by *copies of Court Record*, in the Parish of Orleans in said State, with the crime of escape (a duly certified copy of which copies of Court Record accompanies said requisition). This fails to comply with the requirements of Title 15, Section 52, Code of Alabama 1940. It is necessary for the issuance of a warrant in such cases that the accused is "lawfully charged by indictment or by information filed by a prosecuting officer and supported by affidavit as to the facts, or by affidavit made before a magistrate in that state." Beasley v. State, 43 Ala.App. 247, 187 So.2d 806; Watson v. State, 30 Ala.App. 184, 2 So.2d 470; Smith v. State, 45 Ala.App. 125, 226 So.2d 668; Lofton v. State, 46 Ala.App. 229, 239 So.2d 901.

Title 15, Section 54, Code of Alabama 1940, requires that "the warrant must substantially recite the facts necessary to the validity of its issue."

The return of the sheriff recites:

"Comes now the Respondent, Ray D. Bridges, Sheriff of Mobile County, Alabama, by and through Charles R. Butler, Jr., District Attorney for the Thirteenth Judicial Circuit of Alabama, and for answer to the petition for Writ of Habeas Corpus alleges that Petitioner is presently confined in the Mobile County Jail pursuant to warrants of the Governor of the State of Louisiana and the Governor of the State of Alabama stating that Newton H. Martin was confined to the Louisiana State Penitentiary and on February 6th, 1972 did escape from said confinement and has fled from that State to the State of Alabama. A copy of said Governors' warrants along with copy of the Application for Requisition and Warrant from the Parish of Orleans, State of Louisiana will be filed forthwith."

At the hearing on the petition, the state introduced the rendition warrant of the Governor of Alabama and the requisition warrant from the Governor of Louisiana. The requisition warrant from the Governor of Louisiana contains nothing more than the designation of an agent to receive appellant upon his deliverance from the authorities of the State of Alabama. If this was all, the writ should have issued and petitioner put "on the ground", but there was more.

Title 15, Section 50, Code of Alabama 1940, provides as follows:

"No demand for the extradition of a person charged with crime in another state shall be recognized by the governor unless in writing and accompanied by a copy of an indictment found or by an information supported by affidavit in the state having jurisdiction of the crime, or by a copy of an affidavit made before a magistrate there, together with a copy of any warrant which was issued thereon. The indictment, information, or affidavit made before the magistrate must substantially charge the person demanded with having committed a crime under the law of that state; and the copy *must be au-thenticated by the executive authority making the demand*, which shall be prima facie evidence of its truth."

■ When the rendition warrant is defective, as here, and there are allied papers in evidence, we look to them to determine their legal sufficiency to justify the issuance of the rendition warrant. Aldio v. State, 44 Ala.App. 303, 208 So.2d 212; Lofton v. State, supra; Harris v. State, 257 Ala. 3, 60 So.2d 266.

The allied papers in this case include the following:

(1) A document from Murray Henderson, Warden, Louisiana State Penitentiary, stating that appellant was convicted at the Fall Term of the Criminal Court of Orleans Parish of the crime of armed robbery and sentenced to the State Penitentiary for a period of twenty-five (25) years, and that he escaped from said penitentiary on the 6th day of February, 1972, contrary to the laws of that State, still having twenty (20) years, seven (7) months and twenty-four (24) days of said sentence to serve.

This document was addressed to any lawful officer of said State to retake Newton H. Martin, LSP65810 and forthwith return him to the penitentiary at Angola to complete his sentence and was sworn to before John Rebalc, sic, Notary Public, Parish of West Feliciana, State of Louisiana.

(2) Petition of Jack P. F. Gremillion, Attorney General of the State of Louisiana, to the Governor of Louisiana, for the issuance of a requisition and warrant for the extradition of appellant, a fugitive from justice, who has taken refuge in the State of Alabama, stating, inter alia, that appellant on September 29, 1967, was by process of law, in the Criminal District Court, Section B Judicial District, in and for the Parish of Orleans, State of Louisiana, cause number 200–274, adjudged guilty of the crime of armed robbery, a felony,

and sentenced to serve twenty-five (25) years at hard labor in the Louisiana State Penitentiary, all as shown by certified copies of the record of said Court, attached to said petition. Further stating that he was committed to the penitentiary on October 24, 1967, and escaped therefrom on or about February 6, 1972, and has never been returned to the custody of the penitentiary to serve out the sentence, and that according to information and belief is presently held by the Police Department, in the City of Mobile, State of Alabama, as a fugitive from justice.

(3) The Attorney General in said petition further requested that requisition and warrant be issued for the extradition of appellant from the State of Alabama, in conformity with the laws of the United States and the States concerned, and that Mr. Robert Bryan, Chief of Security, be designated as the agent of Louisiana to receive the person of said fugitive from the State of Alabama and return him to that jurisdiction to serve out his sentence in said penitentiary according to law.

(4) Further stating that the agent, Robert Bryan, Chief of Security, is the proper person and has no private interest in the return of said fugitive to that jurisdiction.

(5) Further, this proceeding is not undertaken to enforce the collection of a debt, or to effect the return of the fugitive in order to serve him in any civil proceedings or other action, save that set forth in said petition, or for any private or improper purposes whatever.

Attached to the petition of the Attorney General is a certificate from J. B. Rabalais, in his official capacity as Record Clerk and legal custodian of records of Louisiana State Penitentiary, certifying that attached thereto, are true and exact copies of the document of commitment, photographs, and fingerprints relative to one Newton H. Martin, a former inmate of that institution, subscribed and sworn to on 3/2/72.

Also, a certificate of C. Murray Henderson, in his official capacity as Warden of the Louisiana State Penitentiary attesting that J. B. Rabalais is the Record Clerk of said penitentiary and as such is the official custodian of the records, and was subscribed and sworn to on 3/2/72.

Also, a certificate of Wade O. Martin, Jr., Secretary of the State of Louisiana, certifying that C. Murray Henderson is the Warden of the Louisiana State Penitentiary, and that J. B. Rabalais is the Records Clerk of said penitentiary, and that as such is the official custodian of the records of that institution, and was subscribed and sworn to on 3/13/72, and his official Seal as Secretary of State was affixed thereto.

Among the allied papers is a fugitive warrant issued by C. Murray Henderson, Warden, Louisiana State Penitentiary, reciting that Prisoner Number 65810, Newton H. Martin, who was by due process of law, in the Criminal District Court, Section B, in and for the Parish of Orleans, State of Louisiana, on September 29, 1967, adjudged guilty of the crime of armed robbery, a felony, and was sentenced to a term of twenty-five (25) years hard labor at the Louisiana State Penitentiary; that he was only committed to said penitentiary on October 24, 1967. That or or about February 6, 1972, the said Newton H. Martin escaped from said penitentiary and fled to another jurisdiction, and that he had not served out his sentence according to law, and that in the best knowledge and belief of affiant, the said Newton H. Martin, is presently being held by the Police Department in the City of Mobile, Alabama, as a fugitive from justice.

Further,

"That as Warden, of the Louisiana State Penitentiary the said C. Murray Henderson, does now issue this declaration in the form prescribed by law and does command that the said Newton H. Martin, be apprehended and held by any peace officer

as a fugitive from justice, pending his extradition and removal to this jurisdiction by due process of law, to serve out his sentence in the Louisiana State Penitentiary according to law.

"Signed at Angola, Louisiana, on 3–2, 1972.

"/s/ C. Murray Henderson

"WARDEN, LOUISIANA STATE PENITENTIARY

"Subscribed and sworn to before me
                    /s/ William G. Bennett

"JUDGE of the 20th Judicial District Court in and for the Parish of West Feliciana, St. Francisville, State of Louisiana.

"This 2 day of Mar 1972.

"STATE OF LOUISIANA
"PARISH OF WEST FELICIANA

"I, Ruth Daniel, Clerk of the 20th Judicial District Court in and for the Parish of West Feliciana, State of Louisiana, do hereby certify that C. Murray Henderson, whose genuine signature is affixed to the foregoing declaration, is and was at the time of the signing of the same Warden of the Louisiana State Penitentiary;

"Signed at my office in St. Francisville, Louisiana on ＿＿＿＿＿＿ 19＿＿＿.

＿＿＿＿＿＿＿＿＿＿

"Clerk of the 20th Judicial District Court in and for the Parish of West Feliciana, State of Louisiana.

"STATE OF LOUISIANA
"PARISH OF WEST FELICIANA

"I, William Bennett, one of the Judges of the 20th Judicial District Court in and for the Parish of West Feliciana, State of Louisiana, do hereby certify that Ruth Daniel, whose genuine signature is affixed to the foregoing certificate, is and was at the time of the signing of the same the duly elected Clerk of the 20th Judicial

District Court in and for the Parish of West Feliciana, State of Louisiana.

"Signed at my office in St. Francisville, Louisiana on Mar 7 1972.

"/s/ William Bennett

"Judge of the 20th Judicial District Court in and for the Parish of West Feliciana, State of Louisiana.

"STATE OF LOUISIANA
"PARISH OF WEST FELICIANA

"I, Ruth Daniel, Clerk of the 20th Judicial District Court in and for the Parish of West Feliciana, State of Louisiana, do hereby certify that William Bennett, whose genuine signature is affixed to the foregoing certificate, is and was at the time of the signing of the same one of the Judges of the 20th Judicial District Court in and for the Parish of West Feliciana, State of Louisiana.

"Signed at my office in St. Francisville, Louisiana on ＿＿＿＿＿＿ 19＿＿＿.

＿＿＿＿＿＿＿＿＿＿

"Clerk of the 20th Judicial District Court in and for the Parish of West Feliciana, State of Louisiana.

"STATE OF LOUISIANA
"EXECUTIVE DEPARTMENT

"I, John J. McKeithen, Governor of the State of Louisiana, do hereby certify that C. Murray Henderson, is Warden of the Louisiana State Penitentiary; that William Bennett, is Judge of the Twentieth Judicial District Court of the Parish of West Feliciana, State of Louisiana, that Ruth Daniel, is Clerk of Court of Said Parish, and as such is Clerk of Said Twentieth Judicial District Court.

"I further certify that Wade O. Martin, Jr., is Secretary of State of the State of Louisiana that Jack P. F. Gremillion, is

the Attorney General of the State of Louisiana; and the (sic) each acting in their respective capacities as such officers have the force and effect of authentic acts and are entitled to full faith and credit in the other States of the United States.

"IN WITNESS WHEREOF, I have signed my name officially and attached the Seal of the Executive Department of The State of Louisiana on this the _____ day of _____ 19____

"/s/ John J. McKeithen

_____, Governor of the State of Louisiana.

"It is further represented that:

(c) The return of the said fugitive, Newton H. Martin, LSP#65810, is necessary in the public interest and to accomplish the ends of justice:

(d) No other request has been made for a requisition based on the facts herein set forth:

"Signed at Baton Rouge, Louisiana, on this the 17 day of March 1972.

"/s/ Jack P. F. Gremillion
Attorney General of the State of Louisiana.

"STATE OF LOUISIANA
"PARISH OF EAST BATON ROUGE

"I, Jack P. F. Gremillion, Being duly sworn on my oath say that the allegations and averments in the foregoing application are true.

"/s/ Jack P. F. Gremillion
Attorney General of the
State of Louisiana.

"Sworn to and subscribed before me this 17 day of Mar. 1972.

"/s/ Esther A. Kelly
Notary Public

(S E A L)

"In my opinion it would be proper for Your Excellency to issue the requisition asked.

"/s/ Jack P. F. Gremillion
Attorney General of the
State of Louisiana."

Other allied papers introduced at the hearing are as follows:

"STATE OF LOUISIANA

"Criminal District Court for the Parish of Orleans

"SECTION
B

"RECEIVED OCT 25 1967
LA. STATE PENITENTIARY

"THE STATE OF LOUISIANA

"To the Criminal Sheriff for the Parish of Orleans—Greeting:

WHEREAS Newt H. Martin was by due form of law lately convicted before our Criminal District Court for the Parish of Orleans of Vio Rev.Stat. 14–64 and was thereupon sentenced, on the 29th day of September nineteen hundred and Sixty Seven to imprisonment in the STATE PENITENTIARY, at hard labor, for Twenty-Five (25) years.

"Age of accused was judicially determined to be 20 years, 2 months and 25 days. Born July 14th., 1947 in Shreveport, La.

"NOW THEREFORE, You, the said Sheriff, are hereby commanded to carry out in full and entire execution every part of the aforesaid sentence. And for so doing this shall be your sufficient warrant and authority.

"WITNESS, Matthew S. Braniff Judge presiding in the Criminal District Court, Section B for the Parish of Orleans, at the Hall of Sittings of the same, in the City of New Orleans, this 29th day of September in

the year of our Lord, one thousand nine hundred and Sixty Seven.

"/s/ George W. Platt
Minute Clerk.

"B of I–116–465

72862

No. 200–274

CRIMINAL DISTRICT COURT

Parish of Orleans

SECTION

B

The State of Louisiana

versus

Newt H. Martin

Re     Rev. Stat 14–64

Hold U. S. Marshals

Sentence: Twenty Five (25) years at hard labor in the State Pen.

## SENTENCE OF THE COURT

1–A

"PARISH OF ORLEANS

"THE STATE OF LOUISIANA
        SS.
"CRIMINAL DISTRICT COURT FOR THE PARISH OF ORLEANS

"ROBERT E. LEE, Assistant District Attorney for the Parish of Orleans, who in the name and by the authority of the said State, prosecutes, in this behalf, in proper person comes into the Criminal District Court for the Parish of Orleans, in the Parish of Orleans, and gives the said Court here to understand and to be informed that one PAUL J. LACOSTE, and one NEWT HENDERSON MARTIN, each, late of the Parish of Orleans, on the twenty-seventh day of July in the year of our Lord, one thousand nine hundred and sixty-seven with force and arms in the Parish of Orleans aforesaid, and within the jurisdiction of the Criminal District Court for the Parish of Orleans, while armed with a dangerous weapon, to-wit: a shotgun, robbed MARGARET FRANCIS, IRENE ZITZMAN and DOROTHY DAVENPORT of Thirteen Thousand, Two Hundred and Ninety-Nine Dollars ($13,299.00) in the lawful money of the United States of America,

"Clerk's Office 10/3/67

"A TRUE COPY

"/s/ E. J. Brady, Jr.,
Deputy Clerk Criminal District Court, Parish of Orleans.

contrary to the form of the Statute of the State of Louisiana in such case made and provided and against the peace and dignity of the same.

"/s/ Robert E. Lee
Assistant District Attorney for the Parish of Orleans"

After the introduction of the above and foregoing documents, the state put Robert T. Bryan, Chief of Security at Louisiana State Penitentiary, on the witness stand and he testified as follows: That Newt (sic) Martin, the petitioner, then and there in open court, was an inmate at Louisiana State Penitentiary in February, 1972; that he was serving time for armed robbery and while so serving, he escaped from said penitentiary on February 6, 1972.

This testimony was wholly unnecessary under the adjudicated cases as this inquiry was defensive matter.

**8**

Title 15, Section 52, Code of Alabama 1940, provides:

"A warrant of extradition must not be issued unless the documents presented by the executive authority making the demand show that the accused was present in the demanding state at the time of the commission of the alleged crime, and that he thereafter fled from that state, and is now in this state, and that he is lawfully charged by indictment or by an information filed by a prosecuting officer and supported by affidavit to the facts, or by affidavit made before a magistrate in that state, with having committed a crime under the laws of that state, *or that he has been convicted of crime in that state and has escaped from confinement or broken his parole.*"

From Johnson v. State, 45 Ala.App. 40, 222 So.2d 370, we quote the following:

"On the question of whether appellant should be charged with a new offense of escape in the demanding state to comply with extradition requisites, we quote from 78 A.L.R., p. 420:

'The general rule seems to be well settled that either a convict who escapes, or one who is released from prison on parole and violates the terms of his parole, may be extradited from another state in which he is found, as a fugitive from justice, on the ground that he is a convict whose time has not expired, and who, therefore, is "charged with crime" under the United States Constitution.

\*    \*    \*    \*    \*    \*

'Cases supporting the general rule above stated, and holding that escaped convicts are properly the subject of extradition, are the following: Re Jones (1921) 54 Cal.App. 423, 201 P. 944; Drinkall v. Spiegel (1896) 68 Conn. 441, 36 L.R.A. 486, 36 A. 830; Re Hope (1889) 7 N.Y.Cr.R. 406, 10 N.Y.S. 28; Ex parte Bergman (1910) 60 Tex.Cr.R. 8, 130 S.W. 174; Ex parte Haynes (1924) 98 Tex.Cr.R. 609, 267 S.W. 490 \*    \*    \*' "

The defective requisition warrant supported as it was by the allied papers introduced at the hearing in the court below was sufficient, barely sufficient, for the Governor of Alabama to issue his rendition warrant in conformity with the rule laid down in Harris v. State, 257 Ala. 3, 60 So.2d 266, where the Supreme Court of Alabama said:

"We think, then, the rule in Alabama should be consonant with the weight of authority to the effect that if the rendition warrant is defective but is accompanied by allied papers, either on the return to the writ of habeas corpus or introduced on the trial, which when taken together with the warrant, show that the executive of the asylum state did in fact have before him the necessary jurisdictional matters, viz., the documents required for the issuance of the warrant, then the prisoner is not illegally restrained. 89 A.L.R., supra. This annotation reveals that many jurisdictions have adopted an even more liberal rule than is here urged. See Ross v. Crofutt, 84 Conn. 370, 80 A. 90; Kingsbury's Case, 106 Mass. 223; State ex rel. Burnett v. Flournoy, 136 La. 852, 67 So. 929; Ex parte Devine, 74 Miss. 715, 22 So. 3."

This matter would have been so simple if the Governor of Louisiana in his request for extradition had just stated: "it appears from the annexed documents, which are hereby certified to be authentic, that Newton H. Martin stands convicted of the crime of armed robbery committed in the Parish of Orleans in this State, and it has been represented to me that said convict was present in this State at the time of the commission of said crime and thereafter, while confined in Louisiana State Penitentiary, said fugitive from justice escaped confinement and has fled from the justice of this State, and has taken refuge in the State of Alabama."

However, the Chief Executive of Louisiana did certify *that C. Murray Henderson is Warden of the Louisiana State Penitentiary; that William Bennett is Judge of the Twentieth Judicial District Court*

*of the Parish of West Feliciana, State of Louisiana; that Ruth Daniel is Clerk of Court of said Parish, and as such is Clerk of said Twentieth Judicial District Court; that Wade O. Martin, Jr., is Secretary of State of the State of Louisiana; that Jack P. F. Gremillion is the Attorney General of the State of Louisiana;* (all of whom certified to various documents among the allied papers in their official capacities) *and that each acting in their respective capacities as such officers have the force and effect of authentic acts and are entitled to full faith and credit in the other States of the United States.*

■ While legal documents authenticated in the above manner leaves something more to be desired, we hold that the allied papers are sufficiently authenticated.

■ Faced with this mountainous evidence showing appellant was an *escapee* from Louisiana State Penitentiary, we feel that the judgment of the Circuit Court of Mobile County in denying appellant's petition for writ of habeas corpus was correct and the judgment in this cause is due to be and the same is hereby affirmed.

Affirmed.

All the Judges concur.