HARRIS, Judge.
This is an appeal from the judgment of the Circuit Court of Jefferson County denying appellant’s petition for a writ of habeas corpus. He was in the custody of the Sheriff of Jefferson County under a rendition warrant issued by Honorable George C. Wallace, Governor of Alabama, at the request of Honorable Dan Walker, Governor of Illinois.
The rendition warrant recites that appellant is charged by Transcript in the County of Cook in said state, with the crime of “convicted of murder — paroled and absconded from parole supervision.” The rendition warrant fails to comply with the requirements of Title 15, Section 52, Code of Alabama 1940. It is necessary for the issuance of a warrant in such cases that the accused is “lawfully charged by indictment or by information filed by a prosecuting officer and supported by affidavit as to the facts, or by affidavit made before a magistrate in that state, with having committed a crime under the laws of that state, or that he has been convicted of crime in that state and has escaped from confinement or broken his parole.” Beasley v. State, 43 Ala.App. 247, 187 So.2d 806; Watson v. State, 30 Ala.App. 184, 2 So.2d 470; Smith v. State, 45 Ala.App. 125, 226 So.2d 668; Lofton v. State, 46 Ala.App. 229, 239 So.2d 901.
Title 15, Section 54, Code of Alabama 1940, requires that “the warrant must sub *494 stantially recite the facts necessary to the validity of its issue.”
The return of the Sheriff recites:
“Comes now Melvin Bailey, as Sheriff of Jefferson County, Alabama, and in response to the writ issued herein, produces in court the body of the petitioner, Eugene Tyner, together with the cause of his detention, which is, to-wit:
“A warrant issued by the Governor of the State of Alabama dated August 31, 1976, directing the arrest of the said Eugene Tyner and his delivery to a duly authorized agent of the State of Illinois, on a charge of convicted murder — paroled and absconded from parole supervision, a copy of which Governor’s warrant is attached hereto and made a part hereof.
“Premises considered, Respondent Melvin Bailey, as Sheriff of Jefferson County, Alabama, moves the Court to dismiss the petition and writ issued herein and return the said Eugene Tyner to his custody as Sheriff of Jefferson County, Alabama, to be delivered to the agent of the State of Illinois.
“This the 29th day of October 1976.”
Title 15, Section 50, Code of Alabama 1940, provides as follows:
“Form of demand. — No demand for the extradition of a person charged with crime in another state shall be recognized by the governor unless in writing and accompanied by a copy of an indictment found or by an information supported by affidavit in the state having jurisdiction of the crime, or by a copy of an affidavit made before a magistrate there, together with a copy of any warrant which was issued thereon. The indictment, information, or affidavit made before the magistrate must substantially charge the person demanded with having committed a crime under the law of that state; and the copy must be authenticated by the executive authority making the demand, which shall be prima facie evidence of its truth.” (Emphasis supplied.)
When the rendition warrant is defective, as here, and there are allied papers in evidence, we look to them to determine their legal sufficiency to justify the issuance of the rendition warrant. Aldio v. State, 44 Ala.App. 303, 208 So.2d 212; Lofton v. State, supra; Harris v. State, 257 Ala. 3, 60 So.2d 266.
In 1975 there was an abortive attempt to extradite appellant. At a habeas corpus hearing it was discovered that the parole violation warrant was not signed. Thereupon the hearing was halted on motion of the District Attorney so that he could return the papers to the Governor of Illinois to begin new proceedings to extradite appellant.
The first requisition from the Governor of Illinois was dated August 7, 1975, and the first rendition warrant issued by the Governor of Alabama was dated August 21, 1975. In the first requisition the Governor of Illinois designated one Lamont Knazze as the agent to receive and return appellant to the State of Illinois. When the requisition was returned to the Governor of Alabama the Governor of Illinois changed the name of the agent from Lamont Knazze to Fred Avendorph, but the date of the document remained unchanged. In other words, the Governor of Illinois merely substituted the name of Fred Avendorph for Lamont Knazze as the agent of the State of Illinois to receive and return appellant to that state. When the requisition was returned to Alabama Governor Wallace again issued the rendition warrant but this warrant was dated August 31, 1976. The same allied papers were attached to this warrant as were attached to the first requisition except the parole violation warrant was properly signed by the Director of the Department of Corrections of the State of Illinois, and the Supervisor of the Apprehension Unit, under the official seal of that Department.
The other allied papers attached to the requisition include the following:
1. A petition from the Warden of the Illinois State Penitentiary to the Governor of Illinois reciting that appellant was convicted of murder January 27, 1965 and was paroled on April 23, 1973 and violated his parole by fleeing the State of Illinois and *495 finding refuge in Jefferson County, Alabama.
2. Affidavit of the Warden in Aid of Extradition reciting that appellant had been convicted of murder and sentenced for a term of not less than 20 years nor more than 35 years, in the Illinois State Penitentiary, and that he escaped while on parole as a fugitive from justice in the State of Illinois.
3. A copy of the Indictment charging appellant and another with murder committed in the State of Illinois on the fifteenth day of January, 1961.
4. A copy of the Judgment Entry showing that appellant was convicted of murder and sentenced to not less than 20 nor more than 35 years in the Illinois State Penitentiary.
5. An official Statement of Facts concerning the murder for which appellant was convicted made by the State’s Attorney for Cook County, Illinois.
6. A copy of the Parole Agreement signed by appellant in which he agreed to all the terms and conditions of a parole from the Illinois State Penitentiary.
7. A Waiver of Extradition signed by appellant in which he agreed that if he left the state, that he would voluntarily return with any agent of the Illinois State Penitentiary for the purpose of serving his unexpired sentence, all without a request from the Governor of Illinois.
8. A copy of the Order paroling appellant under date of March 6, 1973.
9. A request for Warrant signed by the Parole Officer of the Illinois State Penitentiary reciting that appellant had violated the terms and conditions of his parole and that his maximum sentence expires on October 22, 1979.
10. The Parole Violation Warrant as above mentioned.
The requisition from the Governor of Illinois recites:
“Whereas, it appears by the papers hereunto annexed, which I certify to be authentic and duly authenticated in accordance with the laws of this State, that Eugene Tyner stands charged with the crime of murder, convicted thereof, paroled and absconded from paroled supervision which I certify to be a crime under the laws of this State, committed in the County of Cook in this State and it having been represented to me that he was personally present in this State when committing this crime, has fled from the justice of this State and has taken refuge in the State of Alabama.”
This requisition was signed by the Governor of Illinois and attested by the Secretary of State, all under the Great Seal of the State of Illinois.
In 78 R.L.R. page 420 we find the following:
“The general rule seems to be well settled that either a convict who escapes, or one who is released from prison on parole and violates the .terms of his parole, may be extradited from another state in which he is found, as a fugitive from justice, on the ground that he is a convict whose time has not expired, and who, therefore, is ‘charged with crime’ under the United States Constitution.”
Cases supporting the above quotation are cited with approval by this Court in Johnson v. State, 45 Ala.App. 40, 222 So.2d 370.
We have carefully reviewed the request from the Governor of Illinois for extradition and the allied papers and find that the Governor of Alabama had before him necessary jurisdictional matters to issue his rendition warrant in conformity with the pronouncement made by the Supreme Court of Alabama in Harris v. State, 257 Ala. 3, 60 So.2d 266, wherein it is said:
“We think, then, the rule in Alabama should be consonant with the weight of authority to the effect that if the rendition warrant is defective but is accompanied by allied papers, either on the return to the writ of habeas corpus or introduced on the trial, which when taken together with the warrant, show that the executive of the asylum state did in fact have before him the necessary jurisdictional matters, viz., the documents required for *496 the issuance of the warrant, then the prisoner is not illegally restrained. 89 A.L.R. [595], supra. This annotation reveals that many jurisdictions have adopted an even more liberal rule than is here urged. See Ross v. Crofutt, 84 Conn. 370, 80 A. 90; Kingsbury's Case, 106 Mass. 223; State ex rel. Burnett v. Flournoy, 136 La. 852, 67 So. 929; Ex parte Devine, 74 Miss. 715, 22 So. 3.”
Appellant contends that the requisition warrant and the allied papers were in some manner changed or altered and that the requisition warrant and the supporting papers were not re-dated and re-notarized and they were, therefore, illegal. It would have been more proper if the requisition warrant and the supporting papers had been re-dated and re-notarized but we hold that the failure to do so does not render them illegal.
For the reasons above stated we feel that the judgment of the Circuit Court of Jefferson County in denying appellant’s petition for writ of habeas corpus was correct and the judgment in this base should be affirmed.
AFFIRMED.
All the Judges concur.