This is an appeal from the judgment of the Circuit Court of Morgan County, Alabama, denying appellant's petition for a writ of habeas corpus. He was in the custody of the Sheriff of Morgan County under a rendition warrant issued by Honorable George C. Wallace, Governor of Alabama, at the request of Honorable Ed Herschler, Governor of Wyoming.
The rendition warrant recites that appellant is charged bycomplaint in the County of Laramie in said State with the crime of murder in the first degree. The rendition warrant fails to comply with the requirements of Title 15, Section 52, Code of Alabama 1940, § 15-9-33 Code of 1975. It is necessary for the issuance of a warrant in such cases that the accused is "lawfully charged by indictment or by information filed by a prosecuting officer and supported by affidavit as to the facts, or by affidavit made before a magistrate in that state, with having committed a crime under the laws of that state, or that he has been convicted of crime in that state and has escaped from confinement or broken his parole." Beasley v. State,43 Ala. App. 247, 187 So.2d 806; Watson v. State, 30 Ala. App. 184,2 So.2d 470; Smith v. State, 45 Ala. App. 125, 226 So.2d 668;Lofton v. State, 46 Ala. App. 229, 239 So.2d 901.
Title 15, Section 54, Code of Alabama 1940, § 15-9-35, Code of 1975, requires the warrant must substantially "recite the facts necessary to the validity of its issue."
The return of the Sheriff states:
 "Now comes Van Ward, Sheriff of Morgan County, Alabama, to whom the writ of Habeas Corpus in this case was directed, and who has been duly served therewith, and for return to said writ shows to the Court that he detains and holds the said Larry Emens Hagamaker by virtue of an executed rendition warrant issued by George C. Wallace, Governor of Alabama and accompanying State of Wyoming Certified Requisition with attached exhibits and certifications, a correct copy, marked Exhibit(s) `A' is attached hereto and incorporated herein as though set out in full. And he *Page 853 
herewith produces the body of the said petitioner and submits him to the jurisdiction of the Honorable Tom B. Coggin, Judge of the Circuit Court of Morgan County, Alabama, the Judicial Officer issuing the Writ in this case.
"Dated at Decatur, Alabama, this the 2nd day of November, 1977.
/s/ Van Ward
 "State of Alabama Morgan County
 "Before me, Sarah Deason, a Notary Public in and for said County, in said State, this 2nd day of November, 1977, personally appeared Van Ward, who being first by me duly sworn, doth depose and say that the facts contained herein are true.
 /s/ Sarah Deason Notary Public"
When the rendition warrant is defective, as here, and there are allied papers in evidence, we look to them to determine their legal sufficiency to justify the issuance of the rendition warrant. Aldio v. State, 44 Ala. App. 303,208 So.2d 212; Lofton v. State, supra; Harris v. State, 257 Ala. 3,60 So.2d 266; Martin v. State, 50 Ala. App. 1, 276 So.2d 149; Tynerv. State, Ala.Cr.App., 346 So.2d 493.
The allied papers in this case include the following:
1. A Certification by Thyra Thomson, Secretary of the State of Wyoming, under the Seal of that State, in words and figures as follows:
"DEPARTMENT OF STATE
"I, Thyra Thomson, do hereby certify as follows:
 "That I am the duly elected, qualified and acting Secretary of State of Wyoming, and as such, and by virtue of the laws of said state, the keeper of its Great Seal and the custodian of the record of its laws;
 "That the Honorable Ed Herschler whose name appears affixed to the foregoing papers on which it appears was at the time of the affixing of the same the duly elected, qualified and acting Governor of the State of Wyoming; that I am well acquainted with his handwriting and verily believe his said signature thereto, to be genuine.
 "That I have carefully compared the copy of the laws of the State of Wyoming hereto attached, with the original thereof now of record in my office, and that said copy is a true and correct copy of said originals, and of each and every part thereof.
 "IN TESTIMONY WHEREOF, I have hereunto set my hand and affixed the Great Seal of the State of Wyoming at the City of Cheyenne, Wyoming, this 14th day of OCTOBER, 1977.
/s/ Thyra Thomson
(SEAL) Secretary of State.
 "FILED IN OFFICE OCT 28 1977 /s/ Cleo D. Teague CLERK" *Page 854 
2. An Application by Thomas J. Carroll, the Prosecuting Attorney of Laramie County, Wyoming, to the Governor of Wyoming, which reads as follows:
 "COUNTY AND PROSECUTING ATTORNEY OF LARAMIE COUNTY, WYOMING, FOR A REQUISITION
 "STATE OF WYOMING, COUNTY OF LARAMIE
"TO HIS EXCELLENCY, THE GOVERNOR OF WYOMING:
 "THE APPLICATION OF Thomas J. Carroll, County and Prosecuting Attorney of Laramie County, Wyoming, respectfully represents:
 "That LARRY EMENS HAGAMAKER stands charged, as appears by the annexed certified copy of complaint with the crime of first degree murder committed in the County of Laramie, State of Wyoming, on or about the 28th day of January, A.D. 1975; said crime having been committed as follows (state facts showing how crime was committed):
 "Defendant continuously and maliciously beat the victim, Tina Ann Hagamaker over an extended period of time and kept the victim confined to the family home locked in a closet; victim was the ten year old daughter of the Defendant; on the 28th day of January, 1975, the Defendant inflicted a severe beating on the victim; victim thereafter became ill, complained of dizziness and died; Defendant buried the body of the victim under the floor of a shed for approximately four months and then did remove the body, burn it, and scatter the remains, that the said Larry Emens Hagamaker was in the said County and State at the time of the commission of said offense; that before an arrest could be made, to-wit, on or about the 11th day of October, A.D. 1977, he fled from the State of Wyoming, and is now, as your applicant verily believes, in the City (Town) of Decatur, County of Morgan, State of Alabama, a fugitive from the justice of this State, said belief being founded on the following information, to-wit:
 "Telephone conversations with Sheriff Van Ward from Morgan County, Alabama that the Defendant, Larry Emens Hagamaker is in the Morgan County Jail, Alabama, being held in connection with this crime.
 "I hereby certify that in my opinion the ends of public justice require the arrest and return of the accused to the State of Wyoming for trial at public expense; that I am willing that such public expense shall be a charge on said County of Laramie in which the crime was committed; that I have carefully examined into the facts and verily believe that I have sufficient evidence to secure the conviction of said fugitive; that the offense charged and the punishment therefor is defined in Section 6-54.1 Wyoming Statutes, 1957, as amended; that this proceeding is not instituted to enforce a private claim or for any other purpose than said prosecution; that all papers submitted with this application have been compared, are in duplicate, and are in all respects exact counterparts; that there is hereto attached, marked `Exhibit 1', and hereby made a part hereof, a true and correct copy of said Complaint with all endorsements and filings thereon; that there is likewise hereto attached, marked `Exhibit 2', and hereby made a part hereof, a true and correct copy of the warrant of arrest issued on said Complaint together with all endorsements and filings thereon; that there is likewise hereto attached, marked `Exhibit 3', and made a part hereof, a copy of the statute *Page 855 
upon which the charge against the accused is based; that application for the arrest and return of said fugitive has not sooner been made because of the fact that the whereabouts of said fugitive were not sooner ascertained; and to the end that said fugitive may be returned in accordance herewith, I hereby recommend Dennis Flynn, the duly elected qualified and acting Sheriff of Laramie County, in the State of Wyoming, as a proper person to be appointed agent of the State, and certify that he has no personal or private interest in the arrest and return of said fugitive other than the proper performance of his official duty.
Very respectfully.
 /s/ Thomas J. Carroll County and Prosecuting Attorney
THOMAS J. CARROLL
 "State of Wyoming, County of Laramie
 "On this 11th day of October 1977, personally appeared before me Thomas J. Carroll the applicant named in the foregoing application, who being duly sworn, did depose and say that he has read the foregoing application by him subscribed, and knows the contents thereof, and that the same is true of his own knowledge, excepting as to matters therein stated on information and belief, and as to those matters he believes it to be true.
/s/ Deanna Groh
 "Subscribed and sworn to before me this 11th day of October, 1977.
"by Thomas J. Carroll.
/s/ Deanna Groh
 "FILED IN OFFICE OCT 28 1977 /s/ Cleo D. Teague CLERK"
3. The following affidavit of Thomas J. Carroll, the complaining witness:
"AFFIDAVIT OF COMPLAINING WITNESS
"STATE OF WYOMING,
County of Laramie
 "Thomas J. Carroll, being first duly sworn according to law, deposes and says:
 "That I am the complaining witness on the part of the State of Wyoming in the prosecution of one LARRY EMENS HAGAMAKER now a fugitive from the justice of the State of Wyoming, and the person named in the accompanying application for requisition; that on or about the 28th day of January, A.D. 1975, in the County of Laramie, State of Wyoming, the said Larry Emens Hagamaker did unlawfully, feloniously, purposely, and with *Page 856 
premeditated malice, kill a human being, to wit; did unlawfully, feloniously, purposely and with premeditated malice kill Tina Ann Hagamaker, a human being, contrary to the form of the statute in case made and provided, to wit; contrary to § 6-54.1 W.S., 1957, as amended and against the peace and dignity of the State of Wyoming.
 "That the foregoing application for requisition is not made for the purpose of enforcing the collection of a debt, claim, or for any private purpose whatsoever, and that if the requisition applied for be granted, affiant will appear at such times and places as may be required by the County and Prosecuting Attorney of said County, or by the court in which such proceedings may be had, and that I will furnish all evidence within my power tending to show the guilt of the accused, and that I will not condone the offense with which the said fugitive is accused.
 /s/ Thomas J. Carroll THOMAS J. CARROLL
 "Subscribed and sworn to before me this 11th day of October, A.D. 1977.
"by Thomas J. Carroll
 /s/ Robert W. Allen Justice of the Peace in and for
First Precinct,
County of Laramie
State of Wyoming.
"NOTE: Set forth facts within knowledge of witness.
"FILED IN OFFICE
 OCT 28 1977 /s/ Cleo D. Teague CLERK"
4. The following amended criminal complaint:
 "Plaintiff, Before ROBERT W. ALLEN Justice of the Peace
vs.
 AMENDED LARRY EMENS HAGAMAKER CRIMINAL COMPLAINT Exhibit 1
Defendant.
Criminal Action No. __________
 "THE STATE OF WYOMING COUNTY OF LARAMIE
 "I, Thomas J. Carroll, County Prosecuting Attorney, do solemnly swear that on or about the 28th day of January 1975 in the County of Laramie and *Page 857 
the State of Wyoming, the said Larry Emens Hagamaker did unlawfully, feloniously, purposely, and with premeditated malice, kill a human being, to wit; did unlawfully, feloniously, purposely, and with premeditated malice kill Tina Ann Hagamaker, a human being contrary to the form of the statute in case made and provided, to-wit, contrary to § 6-54.1 W.S., 1957 as amended, and against the peace and dignity of the State of Wyoming.
"PROBABLE CAUSE:
 "Defendant continuously and maliciously beat the victim, Tina Ann Hagamaker, over an extended period of time and kept the victim confined to the family home locked in a closet; victim was the ten year old daughter of the Defendant; on the 28th day of January, 1975, the Defendant inflicted a severe beating on the victim; victim thereafter became ill, complained of dizziness and died; Defendant buried the body of victim under the floor of a shed for approximately four months and then did remove the body, burn it and scatter the remains.
 /s/ Thomas J. Carroll
Signature of Complainant
 "Subscribed and sworn to before me this 11th day of October, 1977
"by Thomas J. Carroll.
 /s/ Robert W. Allen
Justice of the Peace
 "FILED IN OFFICE OCT 28 1977 /s/ Cleo D. Teague CLERK
 "STATE OF WYOMING COUNTY OF LARAMIE
 "I hereby certify that I am the duly and qualified elected Justice of the Peace in and for Laramie County, State of Wyoming and that the foregoing is a true and complete copy of the original complaint on file in my office.
 /s/ Robert W. Allen
Justice of the Peace" *Page 858 
5. Amended Warrant of Arrest:
"
vs.
 LARRY EMENS HAGAMAKER AMENDED WARRANT OF ARREST Defendant. Exhibit 2
Criminal Action No. _____
 "THE STATE OF WYOMING COUNTY OF LARAMIE
"To The Sheriff or any Constable or other authorized officer:
 "You are hereby commanded to arrest Larry Emens Hagamaker and bring him forthwith before the nearest available Commissioner to answer to a complaint charging him with
 did unlawfully, feloniously, purposely, and with premeditated malice, kill a human being, to wit; did unlawfully, feloniously, purposely, and with premeditated malice kill Tina Ann Hagamaker, a human being
in violation of § 6-54.1 W.S., 1957, as amended.
"Dated October 11, 1977.
 /s/ Robert W. Allen
Justice of the Peace
 RETURN Received __________, 19__ at __________, and executed by arrest of __________ at __________ on __________ 19__.
 _______________ Name
 _______________ Title
 "FILED IN OFFICE OCT 28 1977 /s/ Cleo D. Teague CLERK
 "STATE OF WYOMING COUNTY OF LARAMIE
 "I hereby certify that I am the duly and qualified Justice of the Peace in and for Laramie County, State of Wyoming and that the foregoing is a true and complete copy of the original warrant on file in my office.
 /s/ Robert W. Allen
Justice of the Peace" *Page 859 
6. Certifications, under seal, as to the official positions of the Prosecuting Attorney, Justice of the Peace and Clerk of Court:
 "COUNTY CLERK'S CERTIFICATES TO OFFICIAL CAPACITY OF COUNTY ATTORNEY, JUSTICE OF THE PEACE AND CLERK OF COURT
 "STATE OF WYOMING, County of Laramie
 "I, Janet C. Whitehead, the duly elected, qualified and acting County Clerk of the County of Laramie, State of Wyoming, do hereby certify that Thomas J. Carroll, whose name is subscribed to the foregoing attached application for requisition, was, at the date of the same, and now is, the duly elected, qualified and acting County and Prosecuting Attorney in and for the County of Laramie, State of Wyoming, and full faith and credit are due to all his official acts as such. And I do further certify that the signature attached to the foregoing application for requisition is his proper signature and is genuine.
 "IN WITNESS WHEREOF, I have hereunto set my hand and official seal this 11th day of October, A.D. 1977.
 (SEAL) /s/ Janet C. Whitehead
County Clerk in and for the County of Laramie, State of Wyoming.
 "STATE OF WYOMING, County of Laramie
 "I, Janet C. Whitehead, the duly elected, qualified and acting County Clerk of the County of Laramie, State of Wyoming, do hereby certify that Robert W. Allen, whose name is subscribed to the foregoing certificates, was, at the date of the same, and now is, the duly elected, qualified and acting Justice of the Peace in and for the County of Laramie, State of Wyoming, and full faith and credit are due to all his official acts as such. And I do further certify that the signature attached to the foregoing certificates is his proper signature and is genuine.
 "IN WITNESS WHEREOF, I have hereunto set my hand and official seal this 11th day of October, A.D. 1977.
 (SEAL) /s/ Janet C. Whitehead
County Clerk in and for the County of Laramie, State of Wyoming.
 "FILED IN OFFICE OCT 28 1977 /s/ Cleo D. Teague CLERK" *Page 860 
"JUSTICE'S CERTIFICATE TO COMPLAINT AND WARRANT
 "STATE OF WYOMING, County of Laramie In JUSTICE Court
 "I, Robert W. Allen, a Justice of the Peace within and for Laramie County, Wyoming, do hereby certify that I have carefully compared the paper writings to which this certificate is attached with the respective original complaint and warrant in the action therein entitled, as the same appear of record and on file in my office in said County, and the same are true and correct copies thereof, and of the whole thereof.
 "IN WITNESS WHEREOF, I have hereunto set my hand and affixed my signature, at the City of Cheyenne in said County, this 11th day of October, 1977.
 /s/ Robert W. Allen
"FILED IN OFFICE Justice of the Peace within OCT 28 1977 and for Laramie County, /s/ Cleo D. Teague Wyoming CLERK"
Upon the filing of the petition for writ of habeas corpus, and the introduction of the above set out allied papers, all being duly authenticated by the Governor of Wyoming, the trial judge entered the following order:
 "STATE OF ALABAMA ) IN THE CIRCUIT COURT )
MORGAN COUNTY ) OF MORGAN COUNTY, ALABAMA STATE OF ALABAMA VS. LARRY EMENS HAGAMAKER
 "The defendant filed a Writ of Habeas Corpus. The defendant is charged with first degree murder in the State of Wyoming. The defendant refused to waive extradition proceedings. The State of Wyoming presented to the Governor of the State of Alabama requisition for the defendant, certificate of the Secretary of State of Wyoming, application for requisition, affidavit of complaining witness, amended criminal complaint, Exhibit 3 Statute upon which offense is based, amended warrant of arrest, County Clerk certificate, and Justice certificate. Thereupon the Governor of the State of Alabama executed a warrant to apprehend the defendant and deliver him to an agent of the State of Wyoming. The State of Alabama introduced the aforesaid documents as evidence before the court. The defendant had filed a Writ of Habeas Corpus. Upon consideration of the aforesaid documents introduced by the State of Alabama the court is of the opinion that the writ should be denied. *Page 861 
 "It is therefore ordered, adjudged, and decreed that the application for a Writ of Habeas Corpus is denied.
"DONE this 17 day of Nov, 1977.
 /s/ Tom Coggin
CIRCUIT JUDGE
 "FILED IN OFFICE 1977 /s/ Cleo D. Teague CLERK"
The requisition from the Governor of Wyoming recites:
 "Whereas, it appears by the annexed papers duly authenticated in accordance with the laws of this State that Larry Emens Hagamaker stands charged with the crime of First Degree Murder committed in the County of Laramie in this State which I certify to be a crime under the laws of this State and that he has fled from this State and is a fugitive from the justice thereof.
 "And Whereas, it is believed that such fugitive has taken refuge in the State of Alabama."
This requisition was signed by the Governor of Wyoming and attested by the Secretary of State, all under the Great Seal of the State of Wyoming.
We have carefully reviewed the request from the Governor of Wyoming for extradition and the allied papers and find that the Governor of Alabama had before him necessary jurisdictional matters to issue his rendition warrant in conformity with the pronouncement made by the Supreme Court of Alabama in Harris v.State, supra, wherein it is said:
 "We think, then, the rule in Alabama should be consonant with the weight of authority to the effect that if the rendition warrant is defective but is accompanied by allied papers, either on the return to the writ of habeas corpus or introduced on the trial, which when taken together with the warrant, show that the executive of the asylum state did in fact have before him the necessary jurisdictional matters, viz., the documents required for the issuance of the warrant, then the prisoner is not illegally restrained. 89 A.L.R. 595. This annotation reveals that many jurisdictions have adopted an even more liberal rule than is here urged."
(Citations omitted.)
The judgment of the Circuit Court of Morgan County in denying appellant's petition for writ of habeas corpus was correct and the judgment in this case should be affirmed.
AFFIRMED.
All the Judges concur. *Page 1128