HARRIS, Presiding Judge.
This is an appeal from the judgment of the Circuit Court of Morgan County, Alabama, denying appellant’s petition for a writ of habeas corpus. He was in custody of the Sheriff of Morgan County under a rendition warrant issued by Honorable George C. Wallace, Governor of Alabama, at the request of Honorable Dolph Briscoe, Governor of Texas.
The rendition warrant recites that appellant is charged by transcript in the County of Harris in said State, with the crime of murder with malice (1) and escaped from lawful custody. The rendition warrant fails to comply with the requirements of Section 15-9-33, Code 1975. It is necessary for the issuance of a warrant in such cases that the accused is “lawfully charged by indictment or by an information filed by a prosecuting officer and supported by affidavit as to the facts, or by affidavit made before a magistrate in that state, with having committed a crime under the laws of that state, or that he has been convicted of crime in that state and has escaped from confinement or broken his parole.” (Emphasis supplied). Beasley v. State, 43 Ala.App. 247, 187 So.2d 806; Watson v. State, 30 Ala.App. 184, 2 So.2d 470; Smith v. State, 45 Ala.App. 125, 226 So.2d 668; Lofton v. State, 46 Ala.App. 229, 239 So.2d 901.
The return of the Sheriff recites:
“Now comes Van Ward, Sheriff of Morgan County, Ala., to whom the Writ of Habeas Corpus in this case was directed, and who has been duly served therewith, and for return to said writ shows to the Court that he detains and holds the said James Blevins by virtue of an executed rendition warrant issued by George C. Wallace, Governor of Alabama, and accompanying State of Texas Certified Requisition with attached exhibits and certifications, a correct copy, marked Exhibit A, of said above stated papers is attached hereto and incorporated herein as though set out in full. And he herewith produces the body of said petitioner and submits him to the jurisdiction of the Honorable R. L. Hundley, Judge of the Circuit Court of Morgan County, Alabama, the Judicial Officer issuing the writ in this case. Dated at Decatur, Alabama, this the 1st day of May, 1978.”
When the rendition warrant is defective, as here, and there are allied papers in evidence, we look to them to determine their legal sufficiency to justify the issuance of the rendition warrant. Aldio v. State, 44 Ala.App. 303, 208 So.2d 212; Lofton v. State, supra; Harris v. State, 257 Ala. 3, 60 So.2d 266; Tyner v. State, Ala.Cr.App., 346 So.2d 493, certiorari denied, Ala., 346 So.2d 496.
The allied papers attached to the Sheriff’s return, and which were introduced into evidence, include the following:
1. A certified copy of the judgment of conviction of petitioner, and another, of murder with malice (1) and a sentence of 99 years in the Texas State Penitentiary.
2. A duly certified mandate from the Court of Criminal Appeals of the State of Texas affirming appellant’s conviction on June 15, 1962.
3. A Certificate of Parole from the Texas Board of Pardons and Paroles issued to appellant under date of July 3, 1972.
*390 4. A copy of the Parole Agreement signed by appellant on July 6, 1972, in which he agreed to all the terms and conditions of a parole from the Texas State Penitentiary.
5. A Waiver of Extradition signed by appellant in which he agreed that if he violated any of the terms and conditions of his parole he would voluntarily return to the Texas State Penitentiary and that he would not in any manner contest any effort by the State of Texas to return him to that State to serve the remainder of his sentence.
6. A State Warrant issued by the Texas Department of Corrections for the arrest of appellant for violating the terms of his parole which parole was revoked on February 10, 1975, and stating that appellant’s unexpired sentence is 77 years, 11 months and 24 days.
7. Application for requisition to the Governor of Texas, signed by the Assistant Warden of the Texas Department of Corrections, stating that appellant was a parole violator and was in custody of the Sheriff of Morgan County, Alabama, and had refused to waive extradition, which application was properly certified by the Presiding Judge of the County Court and attesting to the genuine signature of the Assistant Warden. This document was also signed by the County Clerk attesting to the genuine signature of the Presiding Judge of said County Court.
8. A State Warrant issued by the Board of Pardons and Paroles for the arrest of appellant for parole violation issued on February 10, 1975, under the seal of said Board.
The requisition from the Governor of Texas to the Governor of Alabama recites:
“Whereas, it appears by the papers required by the Statutes of the United States which are hereto annexed, and which I certify to be authentic and duly authenticated in accordance with the laws of this State, that James Blevins who stands convicted by virtue of final judgment and sentence pronounced by the District Court, within and for the County of Harris, State of Texas, of a felony to-wit: Murder with malice (1) committed in Harris County, and delivered in due course of law to the Penitentiary to serve a term of ninety-nine (99) years but who, since his receipt at the Penitentiary, has been released on clemency, which he violated and with a view of avoiding the service of said sentence, fled from the justice of the State of Texas, and is now a fugitive from justice of the State, and it having been represented to me that he has taken refuge in the County of Morgan, State of Alabama.” (Emphasis supplied).
In the above requisition the Governor of Texas designated several agents to apprehend appellant and deliver him to the Warden of the Texas Department of Corrections, within the walls of the penitentiary. This document was properly authenticated and had affixed thereto the Great Seal of the State of Texas.
In 78 A.L.R. page 420 we find the following:
“The general rule seems to be well settled that either a convict who escapes, or one who is released from prison on parole and violates the terms of his parole, may be extradited from another state in which he is found, as a fugitive from justice, on the ground that he is a convict whose time has not expired, and who, therefore, is ‘charged with crime’ under the United States Constitution.”
Cases supporting the above quotation are cited with approval by this Court in Johnson v. State, 45 Ala.App. 40, 222 So.2d 370.
We have carefully reviewed the request from the Governor of Texas for extradition and the allied papers and find that the Governor of Alabama had before him necessary jurisdictional matters to issue his rendition warrant in conformity with the pronouncement made by the Supreme Court of Alabama in Harris v. State, 257 Ala. 3, 60 So.2d 266, wherein it is said:
“We think, then, the rule in Alabama should be consonant with the weight of authority to the effect that if the rendi *391 tion warrant is defective but is accompanied by allied papers, either on the return to the writ of habeas corpus or introduced on the trial, which when taken together with the warrant, show that the executive of the asylum state did in fact have before him the necessary jurisdictional matters, viz., the documents required for the issuance of the warrant, then the prisoner is not illegally restrained. 89 A.L.R. [595], supra. This annotation reveals that many jurisdictions have adopted an even more liberal rule than is here urged. See Ross v. Crofutt, 84 Conn. 370, 80 A. 90; Kingsbury’s Case, 106 Mass. 223; State ex rel. Burnett v. Flournoy, 136 La. 852, 67 So. 929; Ex parte Devine, 74 Miss. 715, 22 So. 3.”
For the reasons above stated we feel that the judgment of the Circuit Court of Morgan County in denying appellant’s petition for writ of habeas corpus was, in all things, correct; and the judgment in this case is affirmed.
AFFIRMED.
All the Judges concur.