TAYLOR, Judge.
In this extradition case, the State of Tennessee seeks the return of appellant Leon Artemus Cramer to face a charge of assault with intent to murder. Appellant has filed a petition to test the validity of the proceeding by petition for writ of habeas corpus and he appeals from the denial of that writ.
*14 I
Appellant first contends that the “rendition warrant” is insufficient and defective in that it does not recite that it is accompanied by an authenticated copy of an indictment or affidavit. In fact, it was accompanied by an affidavit. Our cases permit the executive authority to look at the other documents presented with the warrant. Martin v. State, 50 Ala.App. 1, 276 So.2d 149 (1973); Harris v. State, 257 Ala. 3, 60 So.2d 266 (1951); Lofton v. State, 46 Ala.App. 229, 239 So.2d 901 (1970); Hagamaker v. State, 354 So.2d 851 (Ala.Cr.App.1978). Appellant’s argument on this point is not well taken. Even if the warrant is defective, it can be cured if accompanied by allied papers which when taken together with it show that the executive of the asylum state did in fact have before him the necessary jurisdictional matters. Tingley v. State, 36 Ala.App. 665, 63 So.2d 712 (1952), writ denied, 258 Ala. 436, 63 So.2d 722, cert. denied, 346 U.S. 837, 74 S.Ct. 55, 98 L.Ed. 358 (1953).
II
Second, appellant contends that it must be alleged that the person sought to be extradited was present in the demanding state on the date of the crime. Code of Alabama 1975, § 15-9-33, does contain that literal requirement.
The United States Supreme Court in Michigan v. Doran, 439 U.S. 282, 99 S.Ct. 530, 58 L.Ed.2d 521 (1978), ruled that:
“Once the asylum state’s governor has granted extradition, such grant being pri-ma facie evidence that the constitutional and statutory requirements have been met, a court of that state considering release on habeas corpus can do no more than decide whether the petitioner has been charged with a crime in the demanding state, whether he is the person named in the extradition request, and whether he is a fugitive.”
As we stated in Raley v. State, 455 So.2d 203 (Ala.Cr.App.1984):
“The determination of probable cause is a matter left in the hands of the judicial system of the demanding state; the judicial system of the asylum state is without power to review that determination.
“The indictment and arrest warrant in the instant case present sufficient proof that the determination of probable cause has been made. Appellant’s arguments that he is a different person and that he was not in Mississippi when the crime was committed are not properly addressed to this tribunal. When the requisition has been attested and acted upon by the governor, the burden is upon the appellant to overcome the prima facie proof of the existence of every fact which the governor was obliged to determine before issuing the extradition warrant. Krenwinkel v. State, 45 Ala.App. 474, 232 So.2d 346 (1970).”
Accordingly, this case is due to be affirmed.
AFFIRMED.
All the Judges concur.