(78 South. 407)

POOL v. STATE. (6 Div. 304.)

(Court of Appeals of Alabama. April 9, 1918.)

1. EXTRADITION ⬅➡35—ISSUANCE OF WAR-RANT—JURISDICTIONAL FACTS.

The law requires the Governor, before issuing a warrant for the apprehension of a fugitive from justice in another state, to find that such fugitive is duly charged in the other state with a crime, and that he has fled from justice in such state and taken refuge in Alabama.

2. EXTRADITION ⬅➡35—ARREST OF FUGITIVE FROM OTHER STATE—EVIDENCE.

It was within the province of the Governor to require the production of satisfactory evidence of the existence of the jurisdictional facts the law required him to find before issuing warrant for the arrest on requisition of a fugitive from justice in another state.

3. EVIDENCE. ⬅➡83(1) — PRESUMPTIONS—PERFORMANCE OF OFFICIAL DUTY.

The presumption will be indulged that an official duty was performed by the Governor.

4. EXTRADITION ⬅➡36 — WARRANT FOR ARREST—PRIMA FACIE EVIDENCE.

The recitals in a warrant, issued on requisition of the Governor of another state for the arrest of a fugitive from justice, are prima facie evidence of the jurisdictional facts.

5. HABEAS CORPUS ⬅➡77—RETURN—SUFFICIENCY.

Where the recitals of a warrant, issued on requisition of the Governor of another state for the arrest of a fugitive from justice from such state into Alabama, prima facie proved the jurisdictional facts which the law required the Governor of Alabama to find before issuing the warrant, and such warrant was attached to and made part of the return to the writ of habeas corpus for the release of the fugitive, the return was sufficient, and the motion to quash properly overruled.

6. HABEAS CORPUS ⬅➡113(12)—APPEAL—PRESUMPTION—MOTION TO QUASH RETURN.

Where it appears from the recitals in the order of the trial judge that the motion to quash the return to the writ of habeas corpus was submitted along with the evidence, in the absence of bill of exceptions, the presumption will be indulged that sufficient evidence was offered to justify the action of the trial judge in overruling the motion to quash.

Appeal from Circuit Court, Jefferson County; Wm. E. Fort, Judge.

Habeas corpus by B. E. Pool against the State of Alabama. Motion to quash the return was overruled, and petitioner appeals. Affirmed.

Allen, Bell & Sadler, of Birmingham, for appellant. F. Loyd Tate, Atty. Gen., and David W. W. Fuller, Asst. Atty. Gen., for the State.

BROWN, P. J. The warrant issued by the Governor of this state on the requisition of the Governor of the state of Oklahoma is attached to and made a part of the return to the writ of habeas corpus, and recites that:

"Whereas, his excellency, R. L. Williams, Governor of the state of Oklahoma, by requisition dated the 16th day of October, 1916, has demanded of me, as Governor of the state of Alabama, the surrender of B. E. Pool, who, it appears, is charged by affidavit, in the county of Washita in said state, with the crime of obtaining money by bogus check (a duly certified copy of which affidavit accompanies said requisition) and it appearing that said B. E. Pool has fled from justice in said state and taken refuge in the state of Alabama," etc.

[1-4] These are the jurisdictional facts which the law required the Governor to find before issuing the warrant, and to this end it was within the province of the Governor to require the production of satisfactory evidence of the existence of these facts. This being a matter of official duty, the presumption will be indulged, in the absence of countervailing evidence, that this duty was performed, and the recitals in the warrant are prima facie evidence of these facts. Jones on Ev. § 45; Roberts v. Reilly, 116 U. S. 80, 6 Sup. Ct. 291, 29 L. Ed. 544; Hyatt v. State, 188 U. S. 691, 23 Sup. Ct. 456, 47 L. Ed. 657; In re Kingsbury, 106 Mass. 223; People v. Police Com., 100 App. Div. 483, 91 N. Y. Supp. 760; Gillis v. Leekley, 38 Wash. 156, 80 Pac. 300; Farrell v. Hawley, 112 Am. St. Rep. p. 141 (note); 11 R. C. L. p. 732, § 25, p. 749, § 45.

[5] Treating the recitals of the warrant as prima facie evidence of the facts therein stated, the return was sufficient, and the motion to quash was properly overruled. Barriere v. State, 142 Ala. 78, 39 South. 55; Compton v. State, 152 Ala. 68, 44 South. 685.

[6] Moreover, it appears from the recitals in the order of the trial judge that the motion to quash the return was submitted along with evidence, and in the absence of a bill of exceptions, the presumption will be indulged that sufficient evidence was offered to justify the action of the trial judge. Sanders v. Steen, 128 Ala. 633, 29 South. 586; Harper v. State, 109 Ala. 28, 19 South. 857.

Affirmed.

⬅➡For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes