(124 So. 249)

## PARKER v. STATE. (1 Div. 879.)

Court of Appeals of Alabama.   April 30, 1929.

Rehearing Denied June 25, 1929.

Frank G. Horne, of Atmore, and Inge, Stallworth & Inge, of Mobile, for appellant.

Charlie C. McCall, Atty. Gen., and J. W. Brassell, Asst. Atty. Gen., for the State.

RICE, J.   This is an appeal from an order of Hon. Claude A. Grayson, judge of the circuit court of Mobile county, denying to petitioner, Rob Parker, the writ of habeas corpus, directed to Warren F. Burch, chief of police of the city of Mobile, Ala.

The return of the said chief of police to the writ shows that petitioner was held under a warrant of arrest issued by the Governor of this state, in extradition proceedings instituted by the Governor of Florida.

The warrant of the Governor of Alabama under which petitioner is held recites that it was based upon (1) a demand or requisition for the prisoner (petitioner) made by the executive of Florida, from which state petitioner is alleged to have fled; (2) and a copy of an affidavit made before a magistrate, charging the alleged fugitive with the commission of crime, "duly certified." ·

■ The warrant of the Governor of Alabama reciting the necessary jurisdictional facts was, under the decisions of our Supreme Court, as we read them, sufficient in and of itself to show prima facie that all necessary prerequisites had been complied with prior to its issue by him.   Singleton v. State, 144 Ala. 104, 42 So. 23; Pool v. State, 16 Ala. App. 410, 78 So. 407.

■ The point made by appellant's able counsel in their brief filed on this appeal, that the recital in the Governor's warrant un-

der which petitioner is held that the copy of the affidavit accompanying the requisition of the Governor of Florida was "duly certified," rather than "certified as authentic by the executive of the state making the demand," rendered said Governor's warrant defective, is answered specifically against such contention in the opinion in the case of Pool v. State, supra. It appears that the action of the circuit judge above in remanding petitioner to the custody of the said chief of police was correct, and the order appealed from is affirmed.

Affirmed.