143 So. 585

## PAULK v. STATE.

### 3 Div. 723.

Court of Appeals of Alabama.
June 14, 1932.

Rehearing Denied June 30, 1932.

Brassell & Brassell, of Montgomery, for petitioner.

Thos. E. Knight, Jr., Atty. Gen., and Jas. L. Screws, Asst. Atty. Gen., for the State.

RICE, J.

Petitioner is in the custody of the sheriff of Montgomery county, under and by virtue of an arrest under a Governor's warrant issued by the Governor of Alabama upon the request of the Governor of Georgia. Code 1923, §§ 4181, 4175; Uniform Criminal Extradition Act, Gen. Acts Ala. 1931, p. 559.

He filed this petition for the writ of habeas corpus with the probate judge of Montgomery county, seeking to obtain his discharge from custody, etc., and, from an adverse order, he brings this appeal, under the statute. Act approved June 16, 1927, Gen. Acts Ala. 1927, p. 76.

We do not observe that the law here appertaining has been essentially altered by the above cited Uniform Criminal Extradition Act.

The Governor's warrant, under which petitioner is held, seems in all things regular, and to contain the recitals specified by law to give it validity.

So it would appear that, in accordance with the former pronouncement of this court, which pronouncement had the approval of

our Supreme Court, there were and are but two questions open to inquiry in this proceeding, viz.: (1) Was petitioner a fugitive from justice; and (2) is he the identical person described in the said Governor's warrant. Thacker v. State, 20 Ala. App. 302, 101 So. 636; Id., 212 Ala. 3, 101 So. 638. And see Parker v. State, 23 Ala. App. 238, 124 So. 249; Id., 220 Ala. 103, 124 So. 250.

The evidence sent up seems to, and we hold it does, amply support the order made by the probate judge, etc.

The same is hereby affirmed. Writ denied.

Affirmed.