143 So. 585

### Ex parte PAULK.

### 3 Div. 25.

Supreme Court of Alabama.

Oct. 6, 1932.

Brassell & Brassell, of Montgomery, for petitioner.

Thos. E. Knight, Jr., Atty. Gen., for the State.

**BROWN, J.**

■ The recital in the warrant issued by the Governor of Alabama that "His Excellency, L. G. Hardman, Governor of the State of Georgia, by requisition dated the 25th day of May, 1931, has demanded of me, as Governor of the State of Alabama, the surrender of O. C. Paulk who, it appears, is charged by indictment in the County of Calhoun, in said State, with the crime of forgery (a duly certified copy of which said indictment accompanies said requisition) and it appearing that said O. C. Paulk has fled from justice in said State and taken refuge in the State of Alabama," is prima facie evidence of the facts recited. Pool v. State, 16 Ala. App. 410, 78 So. 407.

■ From these recitals it appears that a requisition for the surrender of the petitioner has been made by the Governor of Georgia, that this demand was accompanied by a copy of the indictment duly authenticated, charging the petitioner with the offense of forgery, an offense at common law, which, in the absence of evidence to the contrary, is presumed to prevail in the state of Georgia. Donegan & Tabor v. Wood, 49 Ala. 242, 20 Am. Rep. 275; 12 R. C. L. 139, § 2.

■ This, with the presence of the Governor's warrant in evidence, was sufficient to warrant the petitioner's retention in custody for removal by the agent of the state of Georgia. Barriere v. State, 142 Ala. 72, 39 So. 55.

■ It was not permissible for the petitioner to inquire into the merits of the charge, or to show that he had been discharged by a court of another county in the state of Georgia. Barriere v. State, supra. Non constat, the court so discharging him had no jurisdiction. This is a matter to be adjudged in the courts of Georgia.

The writ of certiorari will therefore be denied.

Writ denied.

ANDERSON, C. J., and THOMAS and KNIGHT, JJ., concur.