200 So. 115

### KELLEY v. STATE.

4 Div. 644.

Court of Appeals of Alabama.

Jan. 21, 1941.

22

Thos. S. Lawson, Atty. Gen., and Jas. F. Matthews, Asst. Atty. Gen., for the State.

Robt. B. Albritton and Powell, Albritton & Albritton, all of Andalusia, for appellant.

RICE, Judge.

Petitioner was in the custody of the Sheriff of Covington County, under and by virtue of an arrest under a Governor's warrant issued by the Governor of Alabama upon the request of the Governor of Florida. Uniform Criminal Extradition Act, Gen.Acts Ala.1931, p. 559.

He filed this petition for the writ of habeas corpus with the circuit judge of Covington, seeking to obtain his discharge

from the custody of said Sheriff, and, from an adverse order, he brings this appeal, under the Statute. Act approved June 16, 1927, Gen.Acts Ala.1927, p. 76.

The warrant issued by the Governor of this State on the requisition of the Governor of the State of Florida is attached to and made a part of the return to the writ of habeas corpus, and recites that: "Whereas, His Excellency, Fred P. Cone, Governor of the State of Florida, by requisition dated the 6th day of August, 1940, has demanded of me, as Governor of the State of Alabama, the surrender of C. D. Kelley who, it appears, is charged by affidavit in the County of St. Lucie, in said State, with the crime of forgery (a duly certified copy of which affidavit accompanies said requisition) and it appearing that said C. D. Kelley has fled from justice in said State and taken refuge in the State of Alabama."

According to the opinion written for this court by the then Presiding Judge Brown,—who is now, by the way, an Associate Justice of our Supreme Court—in the case of Pool v. State, 16 Ala.App. 410, 78 So. 407, "these are the jurisdictional facts which the law required the Governor to find before issuing the warrant, and to this end it was within the province of the Governor to require the production of satisfactory evidence of the existence of these facts. This being a matter of official duty, the presumption will be indulged, in the absence of countervailing evidence, that this duty was performed, and the recitals in the warrant are prima facie evidence of these facts."

We say "according to the opinion * * * in the case of Pool v. State," supra, the just quoted utterances are true, because the recitals in the Governor's warrant in the said Pool case are exactly the same, mutatis mutandis, and in essence, as those in the instant case. And the opinion, and decision, in the said Pool case, while originally promulgated by this court, have since that time (by citation) been approved by our Supreme Court, and are hence certainly now binding upon us. Ex parte Paulk, 225 Ala. 420, 143 So. 585.

We need hardly remark that the offense of forgery, mentioned in the Governor's warrant in this case, is an offense at common law, which, in the absence of evidence to the contrary, is presumed to prevail in the State of Florida. Ex parte Paulk, supra.

Now it is very true that "treating the recitals of the [Governor's] warrant as prima facie evidence of the facts therein stated," the said warrant was sufficient, and properly admitted into the evidence on the trial of this case below. Pool v. State, supra. And, without more, the introduction of said warrant into the evidence would have operated to cause the issues in the case to resolve themselves into two, and two only, viz: (1) Was petitioner a fugitive from justice?; and (2) is he the identical person described in the said Governor's warrant? Paulk v. State, 25 Ala.App. 212, 143 So. 585, certiorari denied Ex parte Paulk, 225 Ala. 420, 143 So. 585.

But there was more. The State introduced into the evidence the "requisition of the Governor of Florida upon the Governor of Alabama," which, according to the announcement in open court by the State, "accompanied the warrant of the Governor of Alabama", and, as is obvious, served as the basis of the warrant of said Governor.

And this "requisition of the Governor of Florida upon the Governor of Alabama," so introduced into the evidence by the State, shows on its face that it was insufficient upon which to predicate said Alabama Governor's warrant.

Sections 3 and 5 of the Uniform Criminal Extradition Act, approved by the Governor on July 22, 1931, Gen.Acts. Ala. 1931, p. 559, are in the following language, to-wit:

"Section 3. (Form of Demand.) No demand for the extradition of a person charged with crime in another state shall be recognized by the Governor unless in writing and accompanied by a copy of an indictment found or by an information supported by affidavit in the state having jurisdiction of the crime, or by a copy of an affidavit made before a magistrate there, together with a copy of any warrant which was issued thereon. The indictment, information, or affidavit made before the Magistrate must substantially charge the person demanded with having committed a crime under the law of that state; and the copy must be authenticated by the Executive Authority making the demand, which shall be prima facie evidence of its truth. * * *

"Section 5. (What papers must show.) A warrant of extradition must not be issued unless the documents presented by the Executive Authority making the demand show

24

that the accused was present in the demanding state at the time of the commission of the alleged crime, and that he thereafter fled from that state, and is now in this state, and that he is lawfully charged by indictment or by an information filed by a prosecuting officer and supported by affidavit to the facts, or by affidavit made before a magistrate in that state, with having committed a crime under the laws of that state, or that he has been convicted of crime in that state and has escaped from confinement or broken his parole."

The most casual inspection of the "requisition of the Governor of Florida upon the Governor of Alabama" reveals that it does not comply with the terms of the above-quoted sections of the Uniform Criminal Extradition Act, in which event it is provided (1) that it shall not "be recognized," and (2) that a "warrant of extradition [upon it] must not be issued." Uniform Criminal Extradition Act, supra.

It results that the petitioner is entitled to be released upon this proceeding.

And it is so ordered.

Reversed and rendered.

