63 So.2d 346

**MORRISON v. STATE.**

7 Div. 178.

Supreme Court of Alabama.

Feb. 26, 1953.

Si Garrett, Atty. Gen., and L. E. Barton, Asst. Atty. Gen., and Thos. M. Haas, Montgomery, of counsel, for the State.

Chas. Thomason, Anniston, for appellant.

SIMPSON, Justice.

Appeal from an order denying the release of appellant from custody of the sheriff of Calhoun County, Alabama, on his petition for writ of habeas corpus. Just why the appeal was brought here rather than taking the usual course to the Court of Appeals is not clear but jurisdiction being conceded, we will dispose of the case.

According to the return of the sheriff, the petitioner was held under authority of a duly executed rendition war-

rant issued by the Governor of Alabama pursuant to the extradition statute of this state. The warrant is attached to the writ as an exhibit and recites the jurisdictional facts showing a requisition from the Governor of Georgia demanding the surrender of the petitioner as a fugitive from justice from that state having taken refuge in Alabama, and that he was "charged by affidavit and accusation, in the county of Muscogee in said State, with the crime of cheating and swindling, as shown by certified copy of affidavit and accusation (a duly certified copy of which affidavit and accusation accompanies said requisition)." Thus it appears that the warrant contains the necessary jurisdictional recitals to show prima facie authority for the prisoner's detention. Code 1940, Title 15, §§ 52, 54; Kelley v. State, 30 Ala.App. 21, 200 So. 115; Pool v. State, 16 Ala.App. 410, 78 So. 407.

■ While a technical construction might denounce the warrant as deficient in not stating that the affidavit was "made before a magistrate" of that state, the Court of Appeals long ago approved as sufficient such a warrant without the quoted recital as showing prima facie the legality of the prisoner's detention. Pool v. State, supra. While no rationale appears in the Pool case as basis for the categorical statement of principle, it could have been well said that since the statutes prescribe no form for the warrant, substantial compliance is all that is necessary (see § 54, Alabama Code, supra) and "such a warrant is aided by the presumption of official regularity, and under that presumption the warrant * * * is prima facie valid." Collins v. Traeger, 9 Cir., 27 F.2d 842, 89 A.L.R. 604. The Pool case has been approved by citation and otherwise in later cases as stating the applicable principle, so it must be now regarded as settled law. Thacker v. State, 20 Ala.App. 302, 101 So. 636, certiorari denied, Ex parte Thacker, 212 Ala. 3, 101 So. 638; Gridley v. State, 23 Ala.App. 632, 121 So. 922; Kelley v. State, supra; Ex parte Paulk, 225 Ala. 420, 143 So. 585; A.L.R., supra. For other cases see Shepherd's Citations.

Appellant advances two propositions as error to reverse the judgment discharging the writ and remanding him to custody; first, that the Governor's warrant was not in due form in that it "was not accompanied by a copy of the indictment duly certified by proper officials of the State of Georgia"; and, second, because the purpose of his extradition was to aid in the collection of a debt, demand or claim against him, which is inhibited by § 68 of our extradition statute, supra. We entertain the view that neither contention is sustainable.

■ With respect to the first contention, it is only necessary to observe that since the rendition warrant of the Governor of Alabama contained the requisite jurisdictional recitals and was prima facie sufficient as showing authority for the prisoner's restraint, it was not necessary that it be accompanied by a certified copy of the indictment or other accusation emanating from the demanding state. State v. Smith, 32 Ala.App. 651, 29 So.2d 438; State v. Rogers, 30 Ala.App. 515, 9 So.2d 758.

■ The second insistence, that the purpose of the extradition proceeding was to aid in the collection of a claim against him, is equally untenable. While he did testify that one of the officers who interviewed him with reference to the extradition papers before he was arrested told him in substance that the only thing that was going to keep him out of Georgia would be for him to raise $1,800 he owed on the personal property he was charged with having fraudulently disposed of in violation of the laws of Georgia, this does not suffice within the rule of our cases to show that the party who preferred the charge had done so in order to enforce the collection of the claim against him. On this precise question the case of Tingley v. State, 34 Ala.App. 379, 41 So.2d 276, certiorari denied 252 Ala. 520, 41 So.2d 280, is of much factual similarity. There petitioner Tingley was invoking the same statute for his release. It was there shown that the officer from the demanding state who had been designated as the agent to receive the prisoner had stated at the hearing in the office of the Governor of this state that "we don't claim he stole a dime. If all money lost was paid back the proba-

bility is that the cases would be dismissed." The holding was that those assertions were not of sufficient efficacy to warrant the court in holding that the proceedings were in violation of said statute.

We entertain the same view in the instant case with respect to the alleged statement of the Alabama officer who concededly was not shown to be speaking or acting for the Georgia authorities.

We find no error to reverse.

Affirmed.

LIVINGSTON, C. J., and LAWSON, STAKELY, and MERRILL, JJ., concur.