67 So.2d 278

**PIERCE v. HOLCOMBE.**

1 Div. 652.

Court of Appeals of Alabama.

Sept. 8, 1953.

Bart B. Chamberlain, Jr., and M. Thomas Murphy, Mobile, for appellant.

Si Garrett, Atty. Gen., for appellee.

PRICE, Judge.

Appellant petitioned the Judge of the Circuit Court of Mobile County for a writ of habeas corpus, alleging that he was restrained of his liberty under an extradition warrant issued by the Honorable Gordon Persons, Governor of Alabama.

There was no return of the sheriff in response to the preliminary writ, the record disclosing the following:

"State of Alabama
County of Mobile }

"I, the undersigned Carl M. Booth, as Solicitor for the Thirteenth Judicial Circuit of the State of Alabama, do hereby agree and stipulate with said Walter Leon Pierce, as follows:

"1. That no objection will be raised and no issue made that the Petitioner was not in the custody of the Sheriff of Mobile County, Alabama, at the time his petition for Habeas Corpus was filed, inasmuch as the Petitioner was detained under bail on a fugitive warrant pending in Inferior Criminal Court.

"2. That I hereby accept service of notice of the petition for a Writ of Habeas Corpus having been filed before the Honorable Claude A. Grayson, as Judge of the Circuit Court of Mobile County, Alabama, on behalf of Walter Leon Pierce, and waive further notice of the same or of the return date of same on the 2 day of May, 1952, at 3 o'clock P.M.

"Dated this 1 day of May, 1952.
"Carl M. Booth
"Solicitor for the Thirteenth Judicial Circuit of State of Alabama."

In the proceedings below the following occurred:

"By Mr. Jansen:

"Your Honor, I believe you have in your hands a petition for a writ of habeas corpus and on which the writ was issued and I believe that there is attached to it, I don't have my copy here with me, but I believe that it is an agreement that the question of custody in the Sheriff under this warrant not be heard since the man is detained on a fugitive warrant out of the Inferior Court, which would prevent, of course, the Sheriff making a return on the Governor's warrant, and the State will offer the Governor's warrant in evidence, in the absence of that Sheriff's return at this time. If the Court please, I am attaching to the Governor's warrant a copy of the application for requisition, with verified copies of the affidavit and warrant attached, and also a copy of the demand by the Governor of the State of Florida on the Governor of the State of Alabama.

"The said papers introduced by the State marked as State's Exhibit 1.

\*    \*    \*    \*    \*    \*

"True and correct photostatic copies of said State's Exhibit 1 are as follows and are attached hereto:"

The Governor of Alabama's rendition warrant recites:

"Whereas, His Excellency, Fuller Warren, Governor of the State of Florida, by requisition dated the 7th day of April 1952 has demanded of me, as Governor of the State of Alabama, the surrender of Walter Leon Pierce who, it appears, is charged by affidavit and warrant, in the county of Leon in said State, with the crime of non-support of minor child as shown by affidavit and warrant (a duly certified copy of which affidavit and warrant accompanies said requisition) and it appearing that said Walter Leon Pierce has fled from justice in said State and taken refuge in the State of Alabama."

■■ These are the jurisdictional facts which the Governor is required to find before issuing the warrant, and when the warrant contains such recitals it is sufficient, prima facie, for the prisoner's detention. Pool v. State, 16 Ala.App. 410, 78 So. 407; Kelley v. State, 30 Ala.App. 21, 200 So. 115.

■ And, as stated by the Court in the Kelley case, supra, without more, the introduction of said warrant into evidence would have operated to cause the issues in the case to resolve themselves into two, and two only, viz.: (1) Was petitioner a fugitive from justice; and (2) is he the identical person described in the said Gov-

ernor's warrant? Paulk v. State, 25 Ala. App. 212, 143 So. 585, certiorari denied Ex parte Paulk, 225 Ala. 420, 143 So. 585.

"But there was more. The State introduced into the evidence the 'requisition of the Governor of Florida upon the Governor of Alabama,' * * * and, as is obvious, served as the basis of the warrant of said Governor.

"And this 'requisition of the Governor of Florida upon the Governor of Alabama,' so introduced into the evidence by the State, shows on its face that it was insufficient upon which to predicate said Alabama Governor's warrant." [30 Ala.App. 21, 200 So. 117]

■ The Supreme Court in overruling this court in Harris v. State, 257 Ala. 3, 60 So.2d 266, held that the recitals in the rendition warrant are not conclusive and that when the preliminary papers upon which the extradition warrant was issued were produced and are before us it becomes our duty to examine them to determine whether they were sufficient under the law to justify the issuance of the warrant.

The document introduced in evidence by the State and referred to as the "demand by the Governor of the State of Florida on the Governor of the State of Alabama" is in pertinent part as follows:

"Whereas, I have this day demanded of the Executive Authority of the State of Alabama the surrender of Walter Leon Pierce fugitive from justice, charged with the crime of Non-support of minor child, as shown by Affidavit made before a Florida Magistrate, and Warrant, committed in the County of Leon and State of Florida."

■ It shows on its face the same failure to comply with the provisions of the statute as did the Governor's requisition warrant in the Kelley case.

It therefore follows that the petitioner is entitled to be released upon this proceeding.

Reversed and rendered.

