131 So.2d 425

Calvin McGAHAGIN

v.

STATE.

I Div. 851.

Court of Appeals of Alabama.

Jan. 24, 1961.

Rehearing Denied March 7, 1961.

Thos. M. Haas, Mobile, for appellant.

MacDonald Gallion, Atty. Gen., and Dwight W. Bradley, Asst. Atty. Gen., for the State.

PRICE, Judge.

This is an extradition case. Appellant, being in custody pursuant to an extradition warrant issued by the Governor of this state ordering his return to the State of California to answer a charge of robbery, sought his release by habeas corpus. After a hearing he was remanded to custody for extradition, and he appeals.

 Before the governor of the asylum state is authorized to issue a rendition warrant there must be a concurrence of three jurisdictional conditions: 1. There must be a demand in writing for the return of the person named in the warrant as a fugitive from justice by the executive authority of the state from which he fled. 2. The requisition must be accompanied by a copy of an indictment found, or an information, or an affidavit made before a magistrate, substantially charging the person demanded with a crime under the laws of the state from whose justice he is alleged to have fled. 3. The copy of the indictment, information or affidavit must be authenticated by the executive authority making the demand. Title 15, Sec. 51, Code 1940; Pool v. State, 16 Ala.App. 410, 78 So. 407; Kelley v. State, 30 Ala.App. 21, 200 So. 115; Pierce v. Holcombe, 37 Ala. App. 305, 67 So.2d 278.

In the proceedings below the state introduced in evidence the rendition warrant issued by the Governor of Alabama. It contains the required jurisdictional recitals and is valid and sufficient on its face. But the recitals in the rendition warrant are not conclusive, and when the preliminary papers upon which it was issued are in evidence it is our duty to examine them to determine whether they were legally sufficient to justify the issuance of the warrant. Harris v. State, 257 Ala. 3, 60 So.2d 266, Pierce v. Holcombe, supra.

The state also introduced in evidence what purports to be a requisition by the Governor of California. It also contains a statement that the complaint and supporting papers are certified to as being authentic. It is signed, "Edmund G." We are of the opinion this writing cannot be regarded as the official signature of the Governor of California. It therefore affirmatively appears that the "requisition" which the governor of this state had before him was not sufficient as a demand for appellant's surrender and that the complaint and supporting papers were not duly authenticated. Meadows v. State, 38 Ala. App. 319, 82 So.2d 811. The judgment must be reversed and the cause remanded.

Reversed and remanded.