132 So.2d 591

Frank Leon YOKELY

v.

STATE.

7 Div. 657.

Court of Appeals of Alabama.

Aug. 22, 1961.

362

L. Clyde Traylor, Fort Payne, for appellant.

MacDonald Gallion, Atty. Gen., and Jerry L. Coe, Asst. Atty. Gen., for State.

HARWOOD, Presiding Judge.

This is an appeal from a judgment denying the appellant's release in a habeas corpus proceeding.

In the proceedings below, the writ having been issued, the sheriff made his return in which it was alleged that he held the appellant in custody by virtue of a rendition warrant issued by the Hon. John Patterson, Governor of Alabama, looking toward the appellant's return to the State of Georgia, to answer an indictment for burglary.

At the hearing below the State introduced the Sheriff's return, and a copy of the rendition warrant issued by the Governor of Alabama. This warrant recites that by requisition dated the 27th day of April 1961, the Governor of Georgia had demanded the surrender of the appellant who was charged in the State of Georgia by indictment with the offense of burglary, and that a duly certified copy of the indictment accompanied the requisition. The rendition warrant is in all other respects regular.

While no brief has been filed in appellant's behalf, we gather from reading the record that the appellant directed his efforts toward gaining his release on the theory that several days prior to the issuance of the rendition warrant by the Governor of Alabama, the appellant had been arrested and confined in jail by W. L. Edwards, Sheriff of DeKalb County, Alabama, under a warrant charging the appellant with being a fugitive from justice from the State of Georgia.

It was apparently the appellant's theory in the proceedings below that he had been denied due process in connection with his arrest under the fugitive warrant in that he had not been promptly taken before any magistrate after his arrest.

All of the matters which the appellant attempted to establish in connection with his arrest under the fugitive warrant pertained to a different arrest and under a different warrant from the one involved in the present proceedings, and were therefore immaterial and irrelevant to the present proceedings.

Where a rendition warrant issued by the Governor of Alabama, pursuant to a requisition from the Governor of a sister state, recites that a demand has been made by the Governor of the demanding state, for the return of a named person who had fled from justice in said State and taken refuge in the State of Alabama, and that said person is charged by indictment in the demanding State, and the requisition is accompanied by a duly certified copy of the indictment and warrant, then the sheriff's return to a writ of habeas corpus showing that the prisoner was taken into custody by virtue of the rendition warrant of the Governor of Alabama, establishes a prima facie case justifying a sheriff in holding the prisoner in custody. Morrison v. State, 258 Ala. 410, 63 So.2d 346; State v. Shelton, 30 Ala.App. 484, 8 So.2d 216; Pierce

v. Holcombe, 37 Ala.App. 305, 67 So.2d 278; Harrison v. State, 38 Ala.App. 60, 77 So.2d 384, certiorari denied, 262 Ala. 701, 77 So. 2d 387; Blackwell v. State, 38 Ala.App. 562, 89 So.2d 228.

In the proceedings below the respondent sheriff established his right to hold this appellant in custody under and by virtue of the rendition warrant issued by the Governor of Alabama. The appellant offered no evidence in any wise tending to overcome ·the prima facie case established by Sheriff Walker showing his justification for the restraint of this appellant. The judgment below is therefore due to be affirmed, and it is so ordered.

Affirmed.