170 So.2d 286

Charles **WALDROP**

v.

**STATE.**

7 Div. 777.

Court of Appeals of Alabama.

Dec. 15, 1964.

Nabors & Torbert, Gadsden, for appellant.

Richmond M. Flowers, Atty. Gen., and W. Mark Anderson, III, Asst. Atty. Gen., for the State.

PRICE, Presiding Judge.

Charles Waldrop was arrested by the Sheriff of Etowah County on a warrant issued by the Governor of Alabama, and petitioned the Circuit Court for writ of habeas corpus. From an adverse order he brings this appeal.

The rendition warrant issued by the Governor of Alabama, the requisition of the Governor of Georgia together with the supporting papers were introduced in evidence by the state. These documents appear in the record and from our examination of them we find that they contain the recitals required by law. Title 15, Sections 52, 54, Code of Alabama 1940; Kelley v. State, 30 Ala.App. 21, 200 So. 115; Pool v. State, 16 Ala.App. 410, 78 So. 407. These papers made out a prima facie case for the legal detention of the petitioner. State v. Shelton, 30 Ala.App. 484, 8 So.2d 216; State v. Parrish, 242 Ala. 7, 5 So.2d 828.

When the state had rested counsel moved for the discharge of petitioner on the ground that the state had failed to establish that the petitioner was the person named in the warrant. The court thereupon announced that the state would be permitted to reopen the case for such purpose, to which action counsel reserved an exception.

The sheriff testified that he had known the petitioner, Charles Waldrop, for three or four years and that he is the same person charged with committing an offense in the State of Georgia; that his statement is based on the fact that he knows him personally and that a picture received of the man wanted in Georgia showed that petitioner was such person.

 The making of a prima facie case by the state places the burden upon the petitioner to show that he is not a fugitive from justice. State v. Parrish, supra; State v. Shelton, supra, and while evidence on the question of identity of the person held is always admissible, the petitioner did not offer any evidence.

The order appealed from is affirmed.

Affirmed.