[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 700 
[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 701 
[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 702 
This is an appeal from a judgment of the Circuit Court of Butler County denying George Rayburn's application for a writ of habeas corpus. Rayburn is in custody under an extradition warrant issued by the governor of this state ordering his return to the State of California from which he fled after pleading guilty and nolo contendere to two separate charges of grand theft.
 I
Rayburn contends that the rendition warrant of the Governor of Alabama is insufficient and does not recite the necessary jurisdictional facts because it states that he is charged "by complaint, information and supporting papers".
In Alabama, no requisition warrant for the arrest and return of a fugitive from justice shall be recognized by the governor of this state unless the demand is in writing and accompanied by "a copy of an indictment found, or by an information supported by affidavit . . . or by a copy of an affidavit made before a magistrate there, together with a copy of any warrant which was issued thereon". Section 15-9-31, Code of Alabama 1975. Before a rendition warrant is issued, the documents presented by the demanding state must show, among other things, that the accused is "lawfully charged by indictment or by an information filed by a prosecuting officer and supported by affidavit to the facts, or by an affidavit made before a magistrate in that state, with having committed a crime under the laws of that state". Section 15-9-33, Code. These two sections operate as a guide and basis for the issuance of a warrant of extradition and must be read together. State v.Rogers, 30 Ala. App. 515, 518, 9 So.2d 758 (1942).
A prima face case of legal detention is made out when the rendition warrant recites:
 "(1) that there was a demand in writing for the return of the person named in the warrant as a fugitive from justice by the executive authority of the state from which he fled, (2) that the requisition was accompanied by a copy of an indictment found, or an information or an affidavit before a magistrate, substantially charging the person demanded with a crime under the laws of the state from whose justice he fled, and (3) that the copy of the indictment, information or affidavit was authenticated by the executive authority making the demand." Morrison v. State, 258 Ala. 410, 63 So.2d 346 (1953); State v. Parish, 242 Ala. 7, 5 So.2d 828
(1941).
Thus where the rendition warrant recites all the above jurisdictional facts, a copy of the indictment, information, or affidavit need not accompany the rendition warrant itself.Morrison, supra; Chavers v. State, 41 Ala. App. 585,143 So.2d 187, cert. denied, 273 Ala. 705, 143 So.2d 190 (1962); State v.Smith, 32 Ala. App. 651, 29 So.2d 438 (1947); Pool v. State,16 Ala. App. 410, 78 So. 407, cert. denied, 202 Ala. 13, 79 So. 311
(1918). Without a showing to the contrary the courts must presume that the governor acted properly in issuing the rendition warrant. Harrison v. State, 38 Ala. App. 60,77 So.2d 384, cert. denied, 262 Ala. 701, 77 So.2d 387 (1954); Denson v.State, 36 Ala. App. 216, 57 So.2d 830, cert. denied, 257 Ala. 184, 57 So.2d 832 (1951).
When the rendition warrant recites all the above jurisdictional facts, it is not necessary for the establishment of a prima facie case that the requisition warrant and the supporting papers be introduced into evidence. Shirley, supra, citing Stinson v. *Page 703 State, 43 Ala. App. 27, 179 So.2d 94 (1965); State v. Freeman,42 Ala. App. 240, 160 So.2d 12 (1964); Denson v. State,36 Ala. App. 216, 57 So.2d 830 (1951); State v. Knight, 31 Ala. App. 174, 14 So.2d 159 (1943). However if the supporting papers are introduced into evidence it becomes the duty of the court to examine them for their sufficiency notwithstanding the introduction of a proper rendition warrant reciting the necessary jurisdictional facts. Harris v. State, 257 Ala. 3,60 So.2d 266 (1951); Aldio v. State, 44 Ala. App. 303,208 So.2d 212 (1967); Kelley v. State, 30 Ala. App. 21, 200 So. 115
(1941).
The prima facie presumption that the governor issued a rendition warrant on proper authority which is established by the introduction into evidence of the rendition warrant reciting the proper jurisdictional facts is rebutted where the state goes further and introduces allied papers accompanying the requisition of the governor of the demanding state and these allied papers show on their face that they are insufficient to support the requisition. Baugh v. State,275 Ala. 319, 154 So.2d 674 (1963). Even if the rendition warrant is sufficient, a defect in the supporting papers will rebut the prima facie case established by that warrant. State v. West,42 Ala. App. 678, 178 So.2d 182 (1965); Kelley, supra.
The rendition warrant in this case stated the necessary jurisdictional facts. McGahagin v. State, 41 Ala. App. 236,131 So.2d 425 (1961). While a technical construction might denounce this warrant as deficient in not stating that the information was "filed by a prosecuting officer and supported by an affidavit to the facts", this quoted recital is not necessary in establishing, prima facie, the legality of the prisoner's detention. In Morrison v. State, 258 Ala. 410, 412,63 So.2d 346 (1953), a rendition warrant was held sufficient which recited that the prisoner was charged by "affidavit and accusation" without stating that the affidavit was "made before a magistrate". See also Pool v. State, 16 Ala. App. 410,78 So. 407 (1918). The fact that the rendition warrant stated that the appellant was charged by complaint as well as by information did not void the warrant though it would have been insufficient to merely state that the prisoner was charged by complaint.Hagamaker v. State, 354 So.2d 851 (Ala.Cr.App. 1978); Lofton v.State, 46 Ala. App. 229, 239 So.2d 901 (1970).
The rendition warrant being sufficient, it was prima facie evidence of the facts stated therein.
 "And, without more, the introduction of said warrant into evidence would have operated to cause the issues in the case to resolve themselves into two, and two only, viz: (1) Was petitioner a fugitive from justice?; and (2) Is he the identical person described in the said Governor's warrant?" Kelley v. State, 30 Ala. App. 21, 23, 200 So. 115, 117 (1941).
Since the state did introduce the supporting papers, they must be examined to determine their sufficiency.
 II
Rayburn contends that such an examination will reveal that the supporting papers totally fail to meet the standards required by law and codified in Section 15-9-31 and Section15-9-32, Code of Alabama 1975.
The supporting papers do not contain a copy of an indictment as Rayburn was not charged by use of that instrument.
An inspection reveals that a "complaint" is the only document which was executed before a magistrate. It has been held that
 "a criminal complaint sworn to before a magistrate is in fact an affidavit within the meaning of the federal statute authorizing extradition upon the production of a copy of `an affidavit made before a magistrate.' The great weight of authority supports this contention. (Citations omitted)." In re Martz, 83 Idaho 72, 357 P.2d 940, 943 (1960).
In Dinkelman v. State, 43 Ala. App. 177, 184 So.2d 845 (1966), the former Alabama Court of Appeals held that a "complaint" in the form of an "affidavit" properly sworn to was a sufficient compliance with the state *Page 704 
statute authorizing extradition upon the production of a copy of an affidavit made before a magistrate. Hagamaker v. State,354 So.2d 851 (Ala.Cr.App. 1978) and Lofton v. State,46 Ala. App. 229, 239 So.2d 901 (1970), are not in conflict withDinkelman and Martz. Hagamaker and Lofton only hold that arendition warrant reciting that the accused is "charged by complaint" does not comply with the statutory requirement that the accused must be charged by indictment, information, or affidavit. This is due to the basic distinction between an affidavit and a complaint.
 "(A) complaint is not necessarily an affidavit, nor are they in legal practice or contemplation understood as convertible terms. For, though a complaint may be reduced to writing and subscribed, it need not necessarily be certified by the magistrate, for the fact may otherwise appear by his records. And so a complaint may be merely formal, and made or entered by one who has little, if any, knowledge about the facts, and the examination consist of the deposition of other witnesses, — State v. Armstrong, 4 Minn. 343, 344, (Gil. 251,) — While an affidavit, as the term is ordinarily used in such cases, is understood to be a sworn statement of facts or a deposition in writing, and to include a jurat which means a certificate of the magistrate, showing that it was sworn to before him, including the date and sometimes, also, the place." State v. Richardson, 34 Minn. 115, 24 N.W. 354, 355-356
(1885).
* * * * * *
 "Complaint and affidavit are not convertible terms. But if the complaint sufficiently states the criminal charge and constitutes an examination so as to authorize the issuance of a warrant of arrest, and a jurat be attached, and it is properly certified by the magistrate, it will be essentially an affidavit in the meaning of the law." 2 J. Moore, A Treatise on Extradition and Interstate Rendition § 553 (1891).
Rayburn contends that even if the complaint in this case be considered an "affidavit made before a magistrate", it is still insufficient because it consists entirely of conclusions, does not set forth facts which would constitute a Fourth Amendment finding of probable cause, and does not state the sources of the affiant's knowledge.
The rule is stated in 31 Am.Jur.2d Extradition § 38.
 "In interstate extradition proceedings, a complaint sworn to by a person who does not pretend to have any personal knowledge of the facts, but who merely states the charge on his information and belief, is generally insufficient to support rendition of the accused. It is said that to hold otherwise would enable irresponsible people to make false charges against those with whom they are at enmity and would permit them to secure the arrest of innocent persons on papers regular in form but fraudulent in fact. But in some jurisdictions a complaint may be made on information and belief, provided the affiant or complainants sets forth the sources and details of the information on which it is based."
See also Compton v. State, 152 Ala. 68, 73-74, 44 So. 685
(1907).
Under either test, personal knowledge or information and belief with the sources and details of the information, the complaint in the present case is insufficient. The complaint merely recites that "L. Harper being duly sworn complains and says" that on a given date the appellant committed a specified crime. "L. Harper" is never identified. The complaint is not made on information and belief nor is any source or detail of the information set forth.
Rayburn also alleges that the complaint, even if it be considered an affidavit made before a magistrate, is insufficient because it states only conclusions and recites no underlying facts. While there is authority to the contrary, the general rule is that
 "Where the [extradition] proceeding is based on an affidavit, the affidavit must contain facts from which the governor of *Page 705 
the asylum state may determine that there is probable cause to believe that the person demanded committed the crime with which he is charged; it should set forth the facts and circumstances relied on to prove the crime, or it must set out the alleged crime with sufficient explicitness to apprise the governor who receives it of the facts which constitute the offense, while an indictment is prima facie evidence of probable cause." 35 C.J.S. Extradition § 14 (7).
Kirkland v. Preston, 128 U.S.App.D.C. 148, 385 F.2d 670 (1967), held that an affidavit delivered to the chief executive of the asylum jurisdiction does not succeed in "charging" a crime for purposes of extradition unless the affidavit sets out facts which justify a Fourth Amendment finding of probable cause. See also Wellington v. South Dakota, 413 F. Supp. 151 (D.S.D. 1976);Montague v. Smedley, 557 P.2d 774 (Alaska 1976); Hammond v.State ex rel. Davis, 244 Ark. 186, 424 S.W.2d 861, cert. denied, 393 U.S. 839, 89 S.Ct. 116, 21 L.Ed.2d 109 (1968);Pippin v. Leach, 188 Colo. 385, 534 P.2d 1193 (1975); Brode v.Power, 31 Conn. Sup. 411, 332 A.2d 376 (1974); Grano v. State,257 A.2d 768 (Super.Ct.Del. 1969); People ex rel. Kubala v.Woods, 52 Ill.2d 48, 284 N.E.2d 286 (1972); Application ofEvans, 512 S.W.2d 238 (Mo. 1974); Sheriff, Clark County v.Thompson, 85 Nev. 211, 452 P.2d 911 (1969); People ex rel.Davis v. Skinner, 38 A.D.2d 673, 327 N.Y.S.2d 124 (1971); Statev. Hughes, 68 Wis.2d 662, 229 N.W.2d 655 (1975). Since the instant complaint states only bare conclusions it will not support a finding of probable cause.
 III
The final test we must apply in determining whether the supporting papers are sufficient to support the rendition warrant concerns the information filed by a prosecuting officer and supported by an affidavit to the facts. The supporting papers contain two informations filed by "Mark E. Melzer, Deputy District Attorney" for "James M. Cramer, District Attorney, County of San Bernardino, State of California". The appellant initially contends that the information is insufficient because there is no certification that Melzer is a prosecuting officer. The requisition warrant itself is signed by the Governor of the State of California and states that the information is "duly authentic and duly authenticated under the laws of the State of California". It is not necessary that the Deputy District Attorney be certified as a prosecuting officer. The papers accompanying a requisition for extradition need not be exemplified as required by the federal statutes; they only need be certified as authentic. Smith v. State, 45 Ala. App. 423, 231 So.2d 345 (1970); State v. Curry, 2 Ala. App. 251,56 So. 736 (1911). The informations are certified by V. Dennis Wardle, County Clerk and Ex Officio Clerk of the Superior Court of San Bernardino County, as being full, true, and correct copies of the originals on file in his office. Wardle is properly certified as being the County Clerk and Ex Officio Clerk of the Superior Court. Both informations bear the seal of the county court. This constitutes sufficient authentication.
The appellant further contends that even if the informations are proper the rendition warrant is still not supported because there is no affidavit to the facts accompanying the information.
In the District Attorney's Application for Extradition there appears a "Factual Statement". The facts in that statement do not concern the same victims as do the informations. The requirement that the information be supported by affidavit to the facts can only mean by affidavit to the facts supporting the particular information. For this reason alone the "Factual Statement" cannot serve as an affidavit to the facts supporting the informations.
The supporting papers do contain an affidavit filed by the District Attorney of San Bernardino County. That affidavit, in substance, merely recites that the appellant has committed a number of specified felonies in the county, that he was charged by criminal complaint, that a warrant was *Page 706 
issued for his arrest, that the appellant pled guilty to one felony charge of grand theft and nolo contendere to another felony charge of grand theft, that when he failed to appear for Pronouncement of Judgment a bench warrant was issued for his arrest, and that the appellant is presently in the custody of the Sheriff's Office of Butler County, Alabama. However, as with the "Factual Statement" in the Application for Extradition, this affidavit does not state the facts behind either information and for that reason cannot serve as the affidavit supporting the information required by the extradition statutes.
A similar question was based by the Appeals Court of Massachusetts in In re Moore, 2 Mass. App. 399, 313 N.E.2d 893
(1974). There the petitioner argued the Governor of California's alleged failure to comply with the provisions of G.L. c. 276 § 14 which is identical in relevant part to our §15-9-31, Code of Alabama 1975. The petitioner read this section and its federal counterpart, 18 U.S.C. § 3182, to require that a demand for rendition based on a criminal information be accompanied by an affidavit containing facts which would support a finding of probable cause against the person whose rendition is sought.
 "An examination of California practice reveals that an information may be filed against an accused only after he has been examined and a finding of probable cause has been made by a magistrate. See California Constitution, art. 1, § 8; Parks v. Superior Court, 38 Cal.2d 609, 611, 241 P.2d 521 (1952). The examination provided for by California law is held pursuant to a written complaint filed in court. Wilson v. Harris, 351 F.2d 840, 843 (9th Cir. 1965), cert. den., 383 U.S. 951, 86 S.Ct. 1213, 16 L.Ed.2d 213 (1966). The accused is entitled to the assistance of counsel at the examination (California Constitution, art. 1, § 8) and has the right to cross-examine prosecution witnesses and to present witnesses in his own behalf. Jones v. Superior Court, 4 Cal.3d 660, 667, 94 Cal.Rptr. 289, 483 P.2d 1241
(1971), and cases cited. If it appears from the examination that the offense charged has been committed and that there is probable cause to believe the accused guilty thereof, the magistrate orders the accused held for trial, in which event an information is filed against him; otherwise, the accused is discharged. See Wilson v. Harris, supra.
 "The California process described above differs substantially from the procedure employed in other jurisdictions. In those states which permit prosecution by information it is typically `a written accusation of crime preferred by a public prosecuting officer without the intervention of a grand jury.' Anderson, Wharton's Criminal Law and Procedure, § 1723. 41 Am.Jur.2d Indictments and Informations, § 1. See People v. Bessenger, 273 App. Div. 19, 23, 75 N.Y.S.2d 392 (N.Y. 1947). In light of the nature of the usual criminal information, the reason for the affidavit requirements embodied in §§ 14 and 3182 is clear: since an information is customarily not based on a finding of probable cause, an affidavit is necessary to furnish `some proof of the probable guilt of the accused . . . (and) to prevent his removal on unfounded accusations.' See In re Fritz, supra, 137 N.J.Eq. at 188, 44 A.2d at 416. That purpose is served in California by the requirement that an information be filed pursuant to a judicial determination of probable cause.
 "We are of the opinion that the term `information' as used in G.L. c. 276, § 14, refers to the practice, common in a number of states, of initiating criminal prosecutions on the bare accusation of a public official, and not to the more rigorous process employed by the State of California in the case at bar. We hold that California's information procedure includes all the safeguards which the affidavit requirements of G.L. c. 276, § 14, and 18 U.S.C. § 3182 were intended to provide and, consequently, that supporting affidavits were not required in the circumstances of the case at bar. Finally, because the issuance of the present information was necessarily predicated upon a *Page 707 
prior judicial finding of probable cause, the California demand met such requirements as may exist by virtue of the Fourth Amendment to the Constitution of the United States." In re Moore, 313 N.E.2d 895, 896.
We concur in the reason and logic of the Massachusetts Appeals Court. Applying that doctrine to this case, we conclude that a supporting affidavit was not required under these circumstances. Therefore the California demand and supporting papers furnished a sufficient basis for the issuance of the rendition warrant by the governor of this state.
 IV
The function of courts in extradition proceedings is statutory and is to insure that a proper formal charge exists against the accused and that he is a fugitive. Krenwinkel v.State, 45 Ala. App. 474, 232 So.2d 346 (1970). In an extradition proceeding the guilt or innocence of the accused is not presented and may not be inquired into except as it may be material in identifying the person charged and in determining whether he was a fugitive from justice. Kilgore v. State,261 Ala. 465, 75 So.2d 126 (1954); State v. Parish, 242 Ala. 7,5 So.2d 828 (1942); State v. Shelton, 30 Ala. App. 484,8 So.2d 216 (1942). Except for these two purposes, evidence tending to show guilt or innocence is irrelevant. Williams v. State,41 Ala. App. 184, 130 So.2d 351, cert. denied, 272 Ala. 713,130 So.2d 354 (1961). An inquiry into this issue is expressly prohibited by § 15-9-47, Code of Alabama 1975. For these reasons the court did not err in refusing to permit Rayburn to testify that he did not sign the guilty plea.
 V
Rayburn contends that under the provisions of § 15-9-38 (b), Code of Alabama 1975, notice of the hearing on the petition for the writ of habeas corpus must be given to the agent of the demanding state before the court can acquire jurisdiction to hear the petition. We disagree. Section 15-9-38 (b) provides in pertinent part as follows:
 "when such writ (of habeas corpus to test the legality of the arrest) is applied for, notice thereof, and for the time and place of hearing thereon, shall be given to the public prosecuting officer of the county in which the arrest is made and in which the accused is in custody, and to the said agent of the demanding state."
Rayburn cites People v. Warden of New York, 243 App. Div. 450,277 N.Y.S. 726 (1933), for the proposition that the failure to give such notice is a jurisdictional fact and not a mere irregularity. That case actually held that
 "No notice having been given to the district attorney
of Bronx county from which the relator was committed, the court was without power to sustain the writ and discharge the prisoner. Failure go give such notice was not an irregularity, but a jurisdictional defect." Warden, 277 N.Y.S. 727 (Emphasis supplied).
See also People ex rel. Schildhaus v. Dros, 14 Misc.2d 126,178 N.Y.S.2d 656 (1958); People v. Woods, 17 Ill. App.3d 889,309 N.E.2d 27 (1974).
In a petition for writ of habeas corpus to secure the release of a petitioner held under a contempt citation for the violation of an injunction issued in a labor dispute, it was held that the employer was an interested party and was entitled to notice of the proceedings under § 15-21-12, Code 1975. However where the writ was denied the employer was not injured by the failure of notice. Boyd v. State, 42 Ala. App. 183,158 So.2d 116, cert. stricken, 275 Ala. 677, 158 So.2d 115 (1962). In this instance we certainly do not see how the appellant could have been injured by the failure of the receiving agent of the demanding state to receive notice.
Moreover we note that the statute does not fix the burden of giving such notice upon any specific party. In Dros, 14 Misc.2d 126,178 N.Y.S.2d 658, the court noted that:
 "The relator having failed to give notice to the district attorneys of the counties *Page 708 
within which he was detained (Bronx) and from which he was committed (New York), no order may be made for his discharge."
This matter of notice to the receiving agent of the demanding state is not jurisdictional. Since the appellant raised no objection concerning notice at his hearing, he cannot raise such issue on appeal. Speed v. Speed, 341 So.2d 156
(Ala.Civ.App. 1976).
We have carefully searched the record and found no error prejudicial to the rights of the appellant. It is our finding that the extradition record filed with the Governor of this state fulfilled the statutory requirements and conferred the proper jurisdiction to authorize the issuance of the rendition warrant and legal detention of the appellant. Therefore the judgment of the circuit court denying Rayburn's petition for writ of habeas corpus is affirmed.
AFFIRMED.
All Judges concur.