BARRON, Judge.
This is an appeal from a judgment of the Madison County Circuit Court denying appellant’s petition for writ of habeas corpus. Appellant is charged under an extradition warrant on the felony charge of aggravated assault by the State of Texas.
Appellant contends that he was not within Texas at the time of the alleged offense “on or about the 16th day of March, 1982,” and therefore could not be a fugitive from justice.
The State introduced the rendition warrant, then rested. Appellant presented testimony and business records to the effect that he was in Albertville, Alabama, at all times between March 13, 1982, and March 17, 1982. The trial court considered such evidence “as an established fact for the purpose of this hearing.” No additional evidence was offered by the State. The trial court denied the writ.
A prima facie case of legal detention is made out when the rendition warrant recites the jurisdictional facts that (1) there was a demand in writing for the return of the person named in the warrant as a fugitive from justice by the executive authority of the state from which he fled; (2) the requisition was accompanied by a copy of an indictment found, or an information, or an affidavit before a magistrate, substantially charging the person demanded with a crime under laws of the state from whose justice he fled; and (3) the copy of the indictment, information, or affidavit was authorized by the executive authority making the demand. State v. Parrish, 242 Ala. 7, 5 So.2d 828 (1941); Morrison v. State, 258 Ala. 410, 63 So.2d 346 (1953); Rayburn v. State, 366 So.2d 698 (Ala.Cr.App.1978), affirmed, 366 So.2d 708 (Ala.1979). No issue is raised as to the sufficiency of the rendition warrant in this case; therefore, a pri-ma facie case was made out upon its introduction.
At this point, the issues in the habe-as corpus proceeding dwindled to only two: (1) whether the petitioner is a fugitive from justice, and (2) whether he is the identical person described in the rendition warrant. Rayburn, supra; Kelley v. State, 30 Ala.App. 21, 23, 200 So. 115, 117 (1941); Potts v. State, 378 So.2d 264 (Ala.Cr.App.1979); Krenwinkle v. State, 45 Ala.App. 474, 232 So.2d 346 (1970); Monroe v. State, 400 *679 So.2d 753 (Ala.Cr.App.1981); Adams v. State, 253 Ala. 387, 45 So.2d 43 (1950); Parrish v. State, 242 Ala. 7, 5 So.2d 828 (1941); Paulk v. State, 25 Ala.App. 212, 143 So. 585 (1932).
Petitioner’s evidence to the effect that he was not in the State of Texas on the date of the alleged offense, which the trial court considered as an established fact for the purpose of the hearing, created a conflict in the evidence between (1) the rendition warrant and (2) his evidence. Petitioner was not due to be discharged where there is contradictory evidence as to his presence in or absence from the demanding state at the time of the alleged offense. That issue was answered in State v. Curry, 2 Ala.App. 251, 56 So. 736 (1911), as follows:
“The most that can be said in behalf of the petitioner as to the evidence on the issue raised as to the fact of his being a fugitive from justice is that the evidence on that subject is in conflict. ‘The court will not discharge a defendant where there is merely contradictory evidence on the subject of presence in or absence from the (demanding) state, as habeas corpus is not the proper proceeding to try the question of alibi, or any question as to the guilt or innocence of the accused.’ Munsey v. Clough, 196 U.S. 364, 375, 25 S.Ct. 282, 285, 49 L.Ed. 515; Bruce v. Rayner [4th Cir.], 124 F. 481, 62 C.C.A. 501; McNichols v. Pease, 207 U.S. 100, 28 S.Ct. 58, 52 L.Ed. 121.”
Guilt or innocence of the accused may not be inquired into in proceedings such as this, except as it may be involved in identifying the accused held as the person charged with the crime. Ala.Code 1975, § 15-9-47. The issue of identity was not raised on appeal, except as it relates to the defensive matter of the alibi. In other words, no issue is presented that the appellant is not one and the same person as that named in the rendition warrant.
The judgment of the circuit court denying appellant’s petition for writ of habeas corpus is affirmed.
AFFIRMED.
All the Judges concur.