LONG, Judge.
This is an appeal from the denial of a petition for a writ of habeas corpus. The appellant, Mark Dewade Harris, filed the petition to contest his extradition to the State of Georgia on a charge of burglary.
I.
The appellant contends that “[t]he supporting papers, documents, and the like, submitted by the State of Georgia, and accompanying the rendition warrant [of the Governor of Alabama ordering the appellant’s return to Georgia], are faulty and flawed.” Appellant’s brief at 4. The appellant specifically argues that an affidavit for the appellant’s arrest on the burglary charge made before a Georgia superior court judge and attached to the extradition demand by the Governor of Georgia is insufficient because, he says, the affiant had no personal knowledge of the facts, faded to state the sources for and details of the information underlying the facts, and failed to set forth facts warranting a finding of probable cause that the appellant committed the crime charged.
“In Alabama, no requisition warrant for the arrest and return of a fugitive from justice shall be recognized by the governor of this state unless the demand is in writing and accompanied by ‘a copy of an indictment found, or by an information supported by affidavit ... or by a copy of an affidavit made before a magistrate there, together with a copy of any warrant which was issued thereon’. Section 15-9-31, Code of Alabama 1975. Before a rendition warrant is issued, the documents presented by the demanding state must show, among other things, that the accused is ‘lawfully charged by indictment or by an information filed by a prosecuting officer and supported by affidavit to the facts, or by an affidavit made before a magistrate in that state, with having committed a crime under the laws of that state’. Section 15-9-33, Code. These two sections operate as a guide and basis for the issuance of a warrant of extradition and must be read together. State v. Rogers, 30 Ala.App. 515, 518, 9 So.2d 758 (1942).”
Rayburn v. State, 366 So.2d 698, 702 (Ala.Cr.App.1978).
In arguing that the affidavit for arrest is insufficient, the appellant relies on certain language from Rayburn, where Judge Bowen, writing for the Court, stated:
“.‘In interstate extradition proceedings, a complaint [or affidavit] sworn to by a person who does not pretend to have any personal knowledge of the facts, but who merely states the charge on his information and belief, is generally insufficient to support rendition of the accused. It is said that to hold otherwise would enable irresponsible people to make false charges against those with whom they are at enmity and would permit them to secure the arrest of innocent persons on papers regular in form but fraudulent in fact. But in some jurisdictions a complaint may be made on information and belief, provided the affiant or complainant sets forth the sources and details of the information on which it is based.’ ”
*1035 366 So.2d at 704 (quoting 31 Am.Jur.2d Extradition § 38).
Judge Bowen wrote further in Rayburn:
“ “Where the [extradition] proceeding is based on an affidavit, the affidavit must contain facts from which the governor of the asylum state may determine that there is probable cause to believe that the person demanded committed the crime with which he is charged; it should set forth the facts and circumstances relied on to prove the crime, or it must set out the alleged crime with sufficient explicitness to apprise the governor who receives it of the facts which constitute the offense, while an indictment is prima facie evidence of probable cause.’ ”
366 So.2d at 704-05 (quoting 35 C.J.S. Extradition § 14(7)).
In Rayburn, the governor of California sought the extradition of the defendant from this state based on an information and a supporting affidavit. However, even though we found the affidavit in question to be insufficient, this Court held that the information, standing alone, was sufficient for the issuance of a rendition warrant by the governor of this state, because California law required a finding of probable cause before an information could be issued. Rayburn, 366 So.2d at 707.
In Emmons v. State, 650 So.2d 612 (Ala.Cr.App.1994), we cited Rayburn in holding that while an affidavit supporting an amended information accompanying an extradition demand by Illinois’s governor was insufficient, the amended information was sufficient to support extradition by this state:
“Thus, under Illinois law, an information can issue only after a finding of probable cause or after a defendant has waived a preliminary hearing. Because the appellant was considered a fugitive from justice, she could not possibly have waived a preliminary hearing; and there must have been a finding of probable cause before the amended information was issued. Therefore, the affidavit in this case was not necessary to support the amended information and the amended information provided sufficient support for the governor to issue the rendition warrant.”
Emmons, 650 So.2d at 615.
Thus, any deficiencies in an affidavit forming the basis of an extradition proceeding may be overcome where it is apparent that there has been a judicial determination of probable cause in the demanding state. This rule applies whether the affidavit is in support of an information or is the basis of a warrant issued by a magistrate. In Michigan v. Doran, 439 U.S. 282, 99 S.Ct. 530, 58 L.Ed.2d 521 (1978), the United States Supreme Court stated:
“Under Art. IV, § 2, [the Extradition Clause] the courts of the asylum state are bound to accept the demanding state’s judicial determination since the proceedings of the demanding state are clothed with the traditional presumption of regularity. In short, when a neutral judicial officer of the demanding state has determined that probable cause exists, the courts of the asylum state are without power to review the determination.”
439 U.S. at 290, 99 S.Ct. at 536, 58 L.Ed.2d 521. See also Johnson v. State, 439 So.2d 1352 (Ala.Cr.App.1983).
In this case, an arrest warrant, found on the same page as the affidavit for arrest at issue, clearly reflects that a judge of the superior court of Carroll County, Georgia, determined that probable cause existed for the arrest of the appellant. We are bound by this judicial determination and will not review it. Because a judicial officer of Georgia determined that probable cause exists, it is unnecessary to address the appellant’s contentions regarding the sufficiency of the affidavit in support of the arrest warrant.
II.
The appellant contends that “[t]he statute of limitations for the charged offense has expired.” Appellant’s brief at 8. Whether the statute of limitations has run in the State of Georgia is not our concern; that is a matter which can be addressed only by the courts of Georgia because defenses cannot be raised in an extradition proceeding. California v. Superior Court of California, *1036 482 U.S. 400, 407-08, 107 S.Ct. 2433, 2438, 96 L.Ed.2d 332 (1987); (“The language, history, and subsequent construction of the Extradition Act make clear that Congress intended extradition to be a summary procedure. As we have repeatedly held, extradition proceedings are ‘to be kept within narrow bounds’; they are ‘emphatically’ not the appropriate time or place for entertaining defenses or determining the guilt or innocence of the charged party. Those inquiries are left to the prosecutorial authorities and courts of the demanding State” (Citations omitted.)); Puerto Rico v. Branstad, 483 U.S. 219, 227, 107 S.Ct. 2802, 2808, 97 L.Ed.2d 187 (1987) (“the commands of the Extradition Clause are mandatory, and afford no discretion to the executive officers or courts of the asylum state”); Michigan v. Doran, 439 U.S. 282, 288, 99 S.Ct. 530, 535, 58 L.Ed.2d 521 (1978) (“The [Extradition] Clause never contemplated that the asylum state was to conduct the kind of preliminary inquiry traditionally intervening between the initial arrest and trial”); Biddinger v. Commissioner of Police, 245 U.S. 128, 38 S.Ct. 41, 62 L.Ed. 193 (1917) (asylum state may not consider statute of limitations defense); Drew v. Thaw, 235 U.S. 432, 439, 35 S.Ct. 137, 138, 59 L.Ed. 302 (1914) (“But this is not Thaw’s trial. In extradition proceedings, ... the purpose of the writ [of habeas corpus] is not to substitute the judgment of another tribunal.... The Constitution ... requires that upon proper demand the person charged shall be delivered up- There is no discretion allowed”); Strachan v. Colon, 941 F.2d 128 (2d Cir.1991) (asylum state may not consider laches defense). We have no desire to make Alabama “ ‘a sanctuary from justice of another state and thus “balkanize” the administration of criminal justice among the several states.’” Mozingo v. State, 562 So.2d 300, 303 (Ala.Cr.App.1990), quoting Michigan v. Doran, 439 U.S. 282, 287, 99 S.Ct. 530, 534, 58 L.Ed.2d 521 (1978).
Accordingly, the judgment of the circuit court denying the appellant’s petition for the writ of habeas corpus is due to be affirmed.
AFFIRMED.
All Judges concur.